Battle, J.
 

 The recovery in the former suit upon the same covenant in which the same breaches were assigned was, we think, a bar to the present action, and his Honor properly ruled out the testimony which was offered to show that full damages were not then given. The covenant was, in the particulars mentioned, one and indivisible, and upon a breach of
 
 *286
 
 it, tlie plaintiffs were entitled to the whole amount of damages, present and prospective, caused by such breach. If the damages were restricted in consequence of instructions from the Court, it was an error which the plaintiffs, by taking the proper steps, might have had corrected in that action. Their omission to do so cannot give them the right to harrass the defendant with the expense and trouble of another suit. Eor the distinction between the cases where prospective damages, that is, such as have accrued since the commencement of the suit, may, and where they cannot, be given, see the case of
 
 Moore
 
 v. Love, decided at the last term, and reported ante 215, in which the subject is fully discussed.
 

 Per Curiam.
 

 Judgment affirmed.