### Bettys v. The C. M. & St. P. R. Co.

1. **Res Adjudicata**: RAILWAYS: CROSSING. Where an action against a railway company for damages in consequence of its failure to provide a crossing had resulted for the defendant, it was *held* that another action could not be maintained to compel it to provide a crossing.

2. ——: ——: INSTRUCTION. The question of defendant's liability having been adjudicated, an instruction submitting to the jury the determination of the kind of crossing defendant should provide was *held* to be erroneous.

*Appeal from Clayton Circuit Court.*

FRIDAY, JUNE 16

ACTION to recover damages caused by the neglect and refusal of the defendant to provide a causeway or other adequate means of crossing the road of defendant where the same crosses the farm of the plaintiff. The first count in the petition is based on an alleged agreement of the defendant to construct an "open cattle crossing with cattle guards on each side thereof." The second count is based on the statutory obligation imposed on the defendant to provide a "causeway or other adequate means of crossing."

The defendant answers that, as to the causes of action set forth in the petition, there had been a former adjudication in an action between the same parties in the District Court of Clayton county. There was a trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*Thos. Updegraff*, for appellant.

*James O. Crosby* and *W. E. Odell*, for appellee.

SEEVERS, CH. J.—I. The former action was brought to recover damages caused by the alleged refusal of the defendant to construct a causeway or other adequate means of crossing the defendant's road where the same crosses the same farm described in the petition in the present action. The first count in that petition is based on an alleged agreement to construct an open crossing. On the present trial the question by agreement was submitted to court whether the former action was a bar to the cause of action set up in the first count in the petition in the present suit, which question was determined in the affirmative, and as the plaintiff has not appealed therefrom this question is at rest. The third count in the former action was based on the alleged fact that defendant failed, neglected and refused to provide a sufficient causeway or other adequate crossing, and as no agreement is alleged, the right to recover was based on the statutory obligation. On this count there was a finding and judgment in favor of the plaintiff. On such former trial certain interrogatories were propounded to the jury, among which were the following:

"5. If you find for the plaintiff, state whether you find for the breach of the alleged contract to construct an open crossing or other adequate means of crossing defendant's road."

"*Ans.* For a breach of the statutory obligation to construct a causeway or other adequate means of crossing the defendant's railroad."

"7. If you find for the plaintiff on the third count of the petition and give him damages, you will state separately what amount of damages you assess for want of an open crossing, that is, one with cattle guards and without gates and bars, and what amount you assess for want of an adequate means of crossing without cattle guards."

"*Ans.* We assess one hundred dollars for want of an adequate crossing and nothing for the open crossing."

On such former trial the court instructed the jury in relation to the agreement mentioned in the first count and sepa-

rately as to the statutory obligation, and in relation to the latter the jury were instructed that, "the statute does not require an open crossing with cattle guards at farm crossings." The question under the third count in the former action was whether the defendant, in compliance with the statutory obligation, had provided an adequate crossing, and the question was submitted to the jury as to whether the plaintiff was entitled to any damages by reason of the failure to erect an open crossing; and the court instructed the jury· that under the statute the plaintiff was not entitled to such open crossing. It seems to us clear beyond even a doubt that the question whether the plaintiff was entitled to an open crossing was in issue and determined adversely to the plaintiff in the former suit. Such a judgment is a bar in a subsequent proceeding upon a cause of action embraced in the issues joined and settled by the judgment. *Carl v. Knott*, 16 Iowa, 379. The issue under the third count in the former action was whether the plaintiff was entitled to an adequate crossing, and such a crossing is broader than and includes an open one. It was, therefore, necessarily embraced in the issue whether the plaintiff was entitled to an· open crossing, and the court instructed that he was not. This is an adjudication, and whether it was correct or erroneous matters not, for it is equally conclusive in either event. Bigelow on Estoppel, 45, and authorities cited in note.

II.   The court instructed the jury, "in determining whether the plaintiff was entitled to an open crossing or whether a crossing with bars in fence was reasonably sufficient, you will take into consideration the lay of the plaintiff's land, the uses to which it is put." In thus submitting the question of an open crossing to the jury the Circuit Court erred. The question as to whether the defendant was under any obligation to erect an open crossing having been determined adversely to the plaintiff in the former action, could not be readjudicated in this. The judgment of the Circuit Court is therefore

                                                            REVERSED.