## BALTIMORE STEAMSHIP COMPANY ET AL. *v.* PHILLIPS.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 271. Argued April 18, 1927.—Decided May 16, 1927.

1. A judgment in an action for personal injuries, based on one ground of negligence, bars a second action, for the same injuries, based on another ground of negligence. P. 319.
2. A cause of action does not consist of facts, but of the violation of a right which the facts show. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. P. 321.
3. Therefore the plaintiff is bound to set forth in his first action for damages every ground of negligence which he claims to have existed and upon which he relies, and cannot be permitted, as was attempted here, to rely upon them by piecemeal in successive actions to recover for the same wrong and injury. Distinguishing *Troxell v. Del. Lack. & West. R. R.*, 227 U. S. 434, where the ground of negligence in the second action was not actionable under the state law governing the first action. P. 321.

4. By § 20 of the amended Merchant Marine Act, a seaman has a right of action for personal injuries when due to negligence of officers or employees of the ship as well as when resulting from defects due to negligence, which he may prosecute (under the federal law) either in the state court or in the admiralty court; and every ground of negligence open in the former would be equally so in the latter. P. 324.

5. A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause. P. 325.

6. Plaintiff sued first in the court of admiralty, to recover damages for a personal injury. Finding that the accident was not due to the negligence alleged—viz., failure to provide a safe place to work, unseaworthiness and insufficiency of gear, and incompetency of officers employed on vessel—and being of the erroneous impression, shared by counsel, that the negligence of officers or members of the crew, found to be the cause, was not indemnifiable in admiralty, the court gave judgment, on an alternative prayer, for cost of maintenance and cure only. *Held* that the judgment was a bar to a second action for the same injury, begun in a state court, alleging negligence of the shipowners, their officers and employees in the control and operation of the vessel and appliances.

9 F. (2d) 902, reversed.

CERTIORARI (270 U. S. 638) to a judgment of the Circuit Court of Appeals which affirmed a judgment for damages in an action for personal injuries, begun in a state court and removed to the federal court.

*Mr. Arthur M. Boal,* with whom *Solicitor General Mitchell,* and *Messrs. Chauncey G. Parker* and *Harold F. Birnbaum* were on the brief, for petitioners.

*Mr. Edgar J. Treacy* for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The respondent, an infant 18 years of age, while employed on board a vessel operated by petitioners was injured by the fall of a strongback used to support a portion

of the hatch, and as a result suffered the amputation of a leg.  A libel was filed in admiralty to recover damages in the sum of $15,000 against the petitioners and the United States in the federal district court for the district of Maryland.  The libel alleged that the injury was caused by negligence in failing to provide a safe place to work, and to use reasonable care to avoid striking respondent, and by the unseaworthiness and insufficiency of the gear and tackle employed on the vessel.  By an amendment, further specifications of negligence were added to the effect that the United States had failed to provide a proper and sufficient gear or socket to support the strongback, that the officers of the vessel were incompetent, and that there was owing to the injured person a special duty because of his youth and inexperience.   Libelant prayed that, if negligence should not be established, he have a decree for wages, maintenance and cure.  After a trial, the district court held that upon the evidence the accident was not due to the negligence alleged but to the grossly negligent way in which dunnage was taken out of the hold, and that under the decisions no recovery could be had for damages upon that ground.   By the decree libelant was denied full indemnity by way of damages and awarded the sum of $500 as the cost of maintenance and cure; and this amount was paid and the decree satisfied.  *Phillips* v. *United States,* 286 Fed. 631.

Subsequently, this action was brought in the Supreme Court of the State of New York against the petitioners— the United States not being joined—and removed to the federal district court for the eastern district of New York. The complaint alleges negligence on the part of the petitioners and their officers and employees in the control and operation of the vessel and appliances.  The allegations of fact as to the way in which the accident happened are substantially the same in both cases.  Petitioners answered in the present case, setting up, among other things,

the decree in the admiralty case as *res judicata;* and by stipulation of the parties this was argued before trial. The district court at first sustained the plea, but, upon reargument, set aside its order to that effect and held the plea bad. A trial resulted in a verdict and judgment for respondent. The court of appeals affirmed the judgment, holding in respect of the plea of *res judicata* that the second action was based upon a different cause of action. 9 F. (2d) 902. And this presents the sole question for consideration here.

The effect of a judgment or decree as *res judicata* depends upon whether the second action or suit is upon the same or a different cause of action. If upon the same cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. But if the second case be upon a different cause of action, the prior judgment or decree operates as an estoppel only as to matters actually in issue or points controverted, upon the determination of which the judgment or decree was rendered. *Cromwell* v. *County of Sac,* 94 U. S. 351, 352-353; *United States* v. *Moser,* 266 U. S. 236, 241. There is some confusion in the decisions as to whether the present case should fall within the first or the second branch of the rule, but we are of opinion that the great weight of authority, both in respect of the number of decisions and upon reason, sustains the view that the facts here gave rise to a single cause of action for damages and that the first branch of the rule applies. In *United States* v. *California & Ore. Land Co.,* 192 U. S. 355, this court announced the general rule to be that a judgment or decree upon the merits concludes the parties as to all *media concludendi* or grounds

for asserting the right, known when the suit was brought. In that case a bill had been brought to have certain patents for land issued by the United States declared void on the ground that the lands were within an Indian reservation and, therefore, reserved from the operation of the grant. The land company pleaded in bar that the United States had filed an earlier bill seeking the same relief and that a final decree had been entered dismissing that bill. The only thing which the court could find to distinguish the two suits was that in the latter the United States had put forward a new ground for its prayer, but in both cases it sought to establish its own title to the fee. This court sustained the plea in bar, saying, " But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim, *Fetter* v. *Beale,* 1 Salk. 11; *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331; Freeman, Judgments, 4th ed., §§ 238, 241; and, *a fortiori,* he cannot divide the grounds of recovery. Unless the statute of 1889 put the former suit upon a peculiar footing, the United States was bound then to bring forward all the grounds it had for declaring the patents void, and when the bill was dismissed was barred as to all by the decree." The same general doctrine is stated in *Stark* v. *Starr,* 94 U. S. 477, 485, that " a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." And see also, *Werlein* v. *New Orleans,* 177 U. S. 390, 398– 400.

Here the court below concluded that the cause of action set up in the second case was not the same as that alleged in the first, because the grounds of negligence pleaded were distinct and different in character, the ground alleged in the first case being the use of defective appliances and, in the second, the negligent operation of the appliances by the officers and co-employees. Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. " The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. ' The *thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*' " *Chobanian* v. *Washburn Wire Company,* 33 R. I. 289, 302.

The injured respondent was bound to set forth in his first action for damages every ground of negligence which

he claimed to exist and upon which he relied, and cannot be permitted, as was attempted here, to rely upon them by piecemeal in successive actions to recover for the same wrong and injury. *Columb* v. *Webster Mfg. Co.,* 84 F. 592; *Cincinnati, N. O. & T. P. Ry. Co.* v. *Gray,* 101 F. 623, 631; *Smith* v. *Missouri Pac. Ry. Co.,* 56 F. 458; *Payne* v. *N. Y. S. & W. R. R. Co.,* 201 N. Y. 436, 440; *Chobanian* v. *Washburn Wire Company, supra,* pp. 300–304; *Senn* v. *Southern Ry. Co.,* 135 Mo. 512, 519; *Munro* v. *Railroad,* 155 Mo. App. 710, 727; *Schweinfurth* v. *Railway Co.,* 60 Oh. St. 215, 230–231; *Berube* v. *Horton,* 199 Mass. 421, 425–426. Many other cases are to the same effect. In the case last cited there was a declaration in an action for personal injuries containing a count at common law alleging failure to provide a reasonably safe place, and a count under the Employers Liability Act alleging a defect in the ways, works, or machinery. To this declaration, after the expiration of the period of the statute of limitations, an amendment was allowed alleging negligence of the defendant's superintendent as the cause of the same accident. The Massachusetts Supreme Court held that the statute of limitations could not be invoked because the amendment did not state a new cause of action, but was simply another statement of the same cause of action, that cause of action being " the injury under the circumstances under which it took place."

Respondent cites and relies upon *The Rolph,* 299 Fed. 52; but the case is not in point. There the first action was for wages and maintenance alone. Here, in the first action, negligence causing a personal injury, was distinctly alleged as the primary ground of recovery. The claim for wages, maintenance and cure was purely dependent and contingent.

The judgment of the court below, as shown by its opinion, was based, in the main if not entirely, upon *Troxell*

v. *Del., Lack. & West. R. R.*, 227 U. S. 434, which was
construed as holding " that it was one cause of action
not to furnish safe cars, and another to use safe cars care-
lessly." The opinion in that case is not to be read as
announcing any such general rule. If so, in the light of
the foregoing discussion, we now should feel obliged to
disaffirm it. But the decision rests upon another and
a narrow ground, and its authority must be confined ac-
cordingly. Mrs. Troxell as surviving widow prosecuted
an action against the railway company under a state
statute to recover for the death of her husband as the
result of a negligent failure to provide safe instrumen-
talities. After a judgment against her, she brought a
second action as administratrix under the federal Em-
ployers Liability Act, alleging as a ground of recovery
negligence of a fellow-servant. The first case was tried
and decided exclusively upon the state law, under which
law, as this court said, " there could be no recovery for
the negligence of the fellow-servants of the deceased,"
and, consequently, that ground, it was said, was not and
could not be involved in or concluded by the first ac-
tion,—in other words, as matter of law recovery upon
that ground was not open to her in the first action. Ob-
viously, if the court had been of opinion that a recovery
upon that ground of negligence could have been had in
the action prosecuted under the state law, the decision
would have sustained the view that there was but one
cause of action.

Whether the later decision in *Wabash R. R.* v. *Hayes*,
234 U. S. 86, 90, has rendered doubtful the soundness of
this conclusion even as thus narrowly limited (see *Dela-
ware, L. & W. R. Co.* v. *Yurkonis*, 220 F. 429, 433), we
do not pause to consider. It is enough to say that here,
as we shall proceed to show, both actions were brought
under the same federal law, and the basis upon which
the *Troxell* decision rested is entirely lacking.

The injury to respondent occurred after the passage of the amendment of § 20 of the Merchant Marine Act by § 33, c. 250, 41 Stat. 988, 1007, which provides: " That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; . . ." That amendment incorporates into the maritime law the provisions of the federal Employers Liability Act, c. 149, 35 Stat. 65; and the effect by virtue of § 1 of that Act is to give a right of action for an injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of the ship, as well as for an injury or death resulting from defects due to negligence, etc., and irrespective of whether the action is brought in admiralty or at law. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375; *Engel* v. *Davenport,* 271 U. S. 33; *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557.

It follows that here both the libel and the subsequent action were prosecuted under the maritime law, and every ground of recovery, open to respondent in the second case, was equally open to him in the first. But evidently in the first proceeding both court and counsel misinterpreted the effect of § 33, and proceeded upon the erroneous theory, that in admiralty the rule laid down in *The Osceola,* 189 U. S. 158, 175,

" That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident,"

was still in force. Otherwise, it is quite apparent from the language of the opinion that an amendment would

have been sought and allowed, pleading the ground of negligence afterwards set up in the second action. Nevertheless, the cause of action was one and indivisible, and the erroneous conclusion to the contrary cannot have the effect of depriving the defendants in the second action of their right to rely upon the plea of. *res judicata.* Plaintiff's claim for damages having been submitted and passed upon, the effect of the judgment in the admiralty case as a bar is the same whether. resting upon an erroneous view of the law or not. A judgment merely voidable because based upon an erroneous view of the law is, not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause. *Colburn* v. *Woodworth,* 31 Barb. (N. Y.) 381, 384; *Wolverton* v. *Baker,* 86 Cal. 591, 593; *Bettys* v. *C. M. & St. P. R. Co.,* 43 Iowa 602, 604; *Bancroft* v. *Winspear,* 44 Barb. (N. Y.) 209, 215-216; *Winslow* v. *Stokes,* 48 N. C. 285.

The conclusion that the judgment below must be reversed cannot be avoided without subverting long established principles of general application, which we are not at liberty to set aside for a special case of hardship.

*Judgment reversed.*

MR. JUSTICE STONE concurs in the result.