## FERRER v. BANK OF NOVA SCOTIA.
### No. 3753.

Circuit Court of Appeals, First Circuit.

April 15, 1943.

Hugh R. Francis and Gabriel de la Haba, both of San Juan, Puerto Rico, for appellant.

Henri Brown and Walter L. Newsom, Jr., both of San Juan, Puerto Rico, for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

## PER CURIAM.

The complaint in this case was filed in the insular District Court for the Judicial District of Humacao, and later removed, on grounds of diversity of citizenship, to the District Court of the United States for Puerto Rico. It sought a declaration that certain mortgages constituted in favor of the Bank of Nova Scotia by the Comunidad Jose J. Benitez e Hijos were null and void with respect to the plaintiff's share in the Comunidad. The court below dismissed the complaint on the ground that the matter had become res judicata as a result of a final decree of foreclosure theretofore entered by the same court in an equity proceeding instituted by the Bank for foreclosure of the mortgages, in which proceeding the present appellant, represented by a guardian ad litem, was a party defendant.

In the said foreclosure proceedings, appellant's answer raised the defense that the mortgages were not binding on him—a minor—because judicial authorization had not been obtained for the encumbrance of his interest in accordance with the requirements of insular law. The Bank offered, and the court received in evidence, certain decrees of the District Court for the Judicial District of Humacao purporting to authorize such encumbrances. Appellant offered certain evidence directed toward a collateral attack upon these decrees of authorization. Over the objection of appellant, the court below rejected the proffered evidence, ruling that the decrees were binding on appellant and not subject to collateral attack. Subsequently the court entered its final decree of foreclosure, in which it was explicitly adjudged that the mortgages were validly constituted and binding on the members of the Comunidad, including the present appellant. Appellant took no appeal from the foreclosure decree, and the properties were subsequently sold pursuant thereto.

Appellant's argument is that the validity of the decrees of the District Court for the Judicial District of Humacao, purporting to authorize the encumbrances, is still open for litigation, because appellant was not allowed to go into that question in the proceedings brought by the Bank for foreclosure of the mortgages. But in the foreclosure proceedings the court ruled that those decrees were conclusive upon appellant and not subject to collateral attack. If there was error in this ruling appellant's remedy was by way of appeal from the foreclosure decree. That decree, by a court of competent jurisdiction, adjudged against appellant that the mortgages were validly constituted. It is too late now for appellant to claim, in derogation of the foreclosure decree, that he still retains his interest in the very property which has been sold pursuant to the foreclosure decree.

The case presents a conventional situation for the application of the doctrine of res judicata. See Baltimore Steamship Co. v. Phillips, 1927, 274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069; Reed v. Allen, 1932, 286 U.S. 191, 52 S.Ct 532, 76 L.Ed. 1054, 81 A.L.R. 703.

The judgment of the District Court is affirmed, with costs to the appellee.