**Anders S. ANDERSEN, Plaintiff,**

v.

**McALLISTER LIGHTERAGE LINE, Inc., and McAllister Brothers, Inc., Defendants.**

**Civ. No. 15169.**

United States District Court
E. D. New York.
Dec. 26, 1957.

Fink & Frank, New York City, for plaintiff, by Jacquin Frank, New York City.

Purdy, Lamb & Catoggio, New York City, for defendants, by Edmund F. Lamb, New York City.

RAYFIEL, District Judge.

The defendant, McAllister Lighterage Line, Inc., moves, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to set aside the verdict against it in favor of the plaintiff in the amount of $75,000, and any judgment which may have been entered thereon, and for judgment in its favor and against the plaintiff, in accordance with its motion for a directed verdict made at the close of all the evidence in the trial of the action. It also moves, in the alternative, pursuant to Rule 50(b) and Rule 59 of said Rules, for a new trial upon the ground that the verdict of the jury was contrary to the law, contrary to the evidence, excessive, and upon the further ground that the case was erroneously submitted to the jury upon alternative theories of recovery.

As to the defendant's claim that the verdict of the jury was contrary to law and contrary to the evidence, I adhere to my decision, made after defendants' motion to set aside the jury's verdict for a directed verdict in its favor, wherein I denied the motion for the reasons then orally stated.

Respecting defendants' contention that the case was erroneously submitted to the jury on alternative theories of recovery, namely, negligence and unseaworthiness, attention is directed to the case of Troupe v. Chicago, D. & G. Transit Co., 2 Cir., 234 F.2d 253, wherein Judge Waterman discussed this question at great length. He stated, at page 257, "Before turning to these questions we

will consider the jurisdiction at law of the court below over the unseaworthiness phase of the case. We do so because it is a jurisdictional question, which we can and should consider on our own motion, and because recent decisions of this and other federal courts have evidenced concern over the jurisdictional basis of admiralty claims brought on the law side of federal district courts. Although this is a jurisdictional question, the only significance it has is with respect to the mode of trial, since there is always jurisdiction in admiralty over an unseaworthiness claim. 28 U.S.C. § 1333. * * *

" * * * Since a seaman is entitled to a jury trial on a negligence claim under the Jones Act, 46 U.S.C.A. § 688, the result is that he can obtain a jury trial on both claims. Although one claim (unseaworthiness) is technically in admiralty, and the other (negligence) at law, there would appear to be no procedural objection to trying them both simultaneously to the same jury. Indeed, since the factual components of the two claims are virtually identical, it would be foolish to require separate trials. A third possibility is that of pendent jurisdiction. The Jones Act claim for negligence and the maritime claim for unseaworthiness provide seamen with two different grounds of relief for the commission of the same wrong. A judgment on one claim bars a second suit based on the other claim. Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069. Since both claims are based on the same operative facts, they constitute a single 'cause of action.' Baltimore S. S. Co. v. Phillips, supra; American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 12–13, 71 S.Ct. 534, 95 L.Ed. 702. *Because of the extremely close relation of the two claims and the virtual identity of their factual components, it is arguable that a federal district court, having properly taken jurisdiction at law under the Jones Act over the negligence claim, has jurisdiction at law over the closely related unseaworthiness claim.* See Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the controlling case on pendent jurisdiction, in which the Supreme Court held that where there is only one cause of action and jurisdiction is based upon a federal question, two or more grounds for relief may be urged, and, if the federal question is substantial, the federal district court has jurisdiction over the entire cause of action. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 840, note 5, and Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, 670–671." (Emphasis added.)

That argument of the defendant is therefore rejected and its motion to set aside the verdict is denied.

■ I come now to the defendants' contention that the verdict in the sum of $75,000 is excessive. The evidence revealed that at the time of the accident on June 13, 1954 the plaintiff was 64 years of age. He had earned about $5,300 per year prior to the accident, and at the time of the trial his loss of earnings aggregated $18,125. He had had no medical or hospital expenses. At the time of trial plaintiff was 67 years of age. His counsel claimed, in summation, that his working expectancy as a tugboat engineer—his occupation at the time of the accident—would be five or six years. Accepting the former figure, one not unfavorable to the plaintiff, for he would then be working until the age of seventy-two, he would have a prospective loss of earnings of $26,500 the present value of which, according to recognized annuity tables at 4%, is $23,595. Hence, his total loss of earnings, past and future, would be $41,720, if the jury found, as it could have, that, because of his injuries and/or his comparatively advanced age, the plaintiff could not have diminished or mitigated his loss of future earnings by obtaining gainful employment. That would leave for pain and suffering, and for humiliation due to the nature of his injuries, the sum of approximately $33,280, which I believe is excessive in view of the fact that the testimony disclosed that after his skin graft operation the plaintiff suffered no pain, and, except

**386**

for some sensitivity in the area of the skin graft, no discomfort. In my opinion the sum of $15,000 would be fair compensation for the plaintiff's pain, suffering and humiliation and the verdict and judgment herein is accordingly reduced to $56,720. I have given due consideration to the cases cited by the plaintiff in his memorandum.

Settle order on notice.