Augustine PLATT, Appellant,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, and J. L. Ellington, Appellees.

No. 19365.

United States Court of Appeals
Fifth Circuit.

June 29, 1962.

Lester E. Wills, Meridian, Miss., for appellant.

O. Winston Cameron, Meridian, Miss., for appellees.

Before BROWN and WISDOM, Circuit Judges, and DE VANE, District Judge.

DE VANE, District Judge.

This appeal is from an order dismissing this action at the cost of appellant for want of prosecution after appellant stood on her motion to remand, which had been overruled by the District Court.

The action began by the filing of a declaration on behalf of appellant in the Circuit Court of Lauderdale County, Mississippi, on May 6, 1953. The declaration in one count contained the usual jurisdictional allegations, alleging residence of plaintiff and defendant Ellington in Mississippi and defendant Illinois Central Railroad Company a corporation of the State of Illinois, and demanding judgment against the defendants in the following language:

"On or about the date aforesaid (October 12, 1947) the Defendant, J. L. Ellington, the Engineer and servant of the Defendant Railroad Company, was operating a fast passenger train of the Defendant Railroad, within the speed limits of the City of Forest in the County of Scott, Mississippi, and he did then and there wrongfully, negligently and carelessly fail to keep a proper lookout, and unlawfully cause the said train, which he was operating, to run down, strike and kill, then and there, Glover Platt, the lawful husband of the Plaintiff. The Plaintiff charges that the said negligent and unlawful acts were the joint and concurrent, negligent and unlawful acts of the said Defendants directly and proximately causing the wrongful, fatal injury and death of the Plaintiff's husband."

On May 23, 1953, defendant Illinois Central Railroad Company took all the necessary steps to remove the case from the Circuit Court of Lauderdale County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. The only ground for a removal that concerns us here is the allegation in the petition for removal that the declaration does not state a cause of action against Ellington under state law, and, therefore, this action is pending solely against the Illinois Central Railroad Company.

On May 29, 1953, appellant filed her petition for remand of the case to the State Court. In response to a letter to the District Judge requesting a hearing on the motion to remand, the Judge advised the parties by letter on July 2, 1953, that it appeared to him that the order for remand should be granted on authority of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, but stated that if the parties cared to argue the matter, it would be heard on July 10, 1953; otherwise, an order for remand would follow. Arguments were presented pro and con on briefs, appellant relying upon the Finn case and appellee contending that the case was controlled by Stokes v. Great Southern Lumber Company, (D.C.Miss.), 21 F.2d 185.

On August 13, 1953, the Court advised counsel of his decision on the motion to remand as follows:

"I have given careful consideration to your briefs in the above case upon the motion to remand and have reached the conclusion that the motion should be overruled. I first thought the case was controlled by American Fire [& Casualty Co.] vs. Finn, 341 U.S. 6 [71 S.Ct. 534, 95 L. Ed. 702], but upon reconsideration am of the opinion it is controlled by Stokes vs. Great So[uthern Lumber Co.], 21 Fed (2) 185. The declaration fails to show any duty upon the engineer to keep a lookout at the place where deceased was killed and the allegations are only legal conclusions as to his negligence, whereas as against the R.R. there is a presumption of negligence.

"I have signed and mailed to the clerk as of this date an order overruling the motion to remand."

Appellee claims federal jurisdiction under 28 U.S.C. 1332(a) (1) with the right to remove being conferred by 28 U.S.C. 1441. Appellant denies that either of these sections confer upon appellee the right to remove this case from the State Court to the Federal Court. We agree with the contention advanced by appellant and reverse the decision and order of the District Court.

The Stokes case, supra, was a decision by Judge Holmes, handed down on August 8, 1927, while he was a District Judge and before his elevation to this Court. The case was decided long before the amendment to 28 U.S.C. 71, which is now 28 U.S.C. 1441. The decision of Mr. Justice Reed of the Supreme Court in the Finn case, supra, is based upon the new section, which became effective September 1, 1948.

We are at a loss to understand why the District Judge in relying upon the Stokes case made no reference to the later decision of Judge Holmes in Tolbert v. Jackson et al., 5 Cir., 99 F.2d 513, decided after he was elevated to this Court. This case was decided by Judge Holmes on November 9, 1938, more than ten years prior to the amendment dealt with by Mr. Justice Reed in the Finn case. In the Tolbert case Judge Holmes, as we construe his opinion, attempted to overcome his decision in the Stokes case, and while he does not refer to that decision, what he did hold in the Tolbert case effectively overruled what he had previously held to be the law in the Stokes case. For this reason the Stokes decision had no force and effect upon this case and was improperly relied upon by the District Judge.

In the course of his opinion in the Finn case, Mr. Justice Reed said:

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action'. § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying

removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose.

In a suit turning on the meaning of 'cause of action' this Court announced an accepted description. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. This Court said, 274 U.S. p. 321, 47 S.Ct. p. 602:

'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' "

As one authority for a part of Mr. Justice Reed's statement quoted above, in Note 7, Page 12, of 341 U.S., at page 539 of 71 S.Ct., he cites Tolbert v. Jackson, supra, and designates it as a "valuable case".

In the case at bar, only one cause of action was set out in the declaration. The suit was brought under the wrongful death statute of Mississippi and the single cause of action stated was the "negligent and unlawful acts of the said defendants directly and proximately causing the wrongful and fatal injury and death of plaintiff's husband."

As the District Judge's opinion clearly indicates, his ruling is based upon the insufficiency of the declaration insofar as Ellington is concerned. The insufficiency of the pleadings in a case filed in the state court constitute no grounds for the removal of the case to a federal court.

The sufficiency of the pleadings must be tested in the state court where the suit is filed. If, in this case, that test results in a decision of the State Court that the suit should be dismissed as to Ellington, the case then becomes removable to the Federal Court under the statute authorizing removal of cases of this character where the plaintiff and defendant are not residents of the same state. Gaitor v. Peninsular & Occidental S. S. Co. (5th Cir.) 287 F.2d 252.

The judgment is reversed and the case remanded to the District Court with directions to remand the same to the State Court.

Reversed and remanded.