Willie S. GRIGGS et al., Appellants,

v.

**DUKE POWER COMPANY, a
corporation, Appellee.**

No. 13013.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1974.

Decided April 2, 1975.

Robert Belton, Charlotte, N. C. (J. Le-Vonne Chambers, Charlotte, N. C., Jack Greenberg, Morris J. Baller, New York City, and Chambers, Stein, Ferguson and Lanning, Charlotte, N. C., on brief), for appellants.

George W. Ferguson, Jr., Charlotte, N. C. (Philip M. Van Hoy, Charlotte, N. C., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and THOMSEN, District Judge.*

PER CURIAM:

Appeal is taken herein by appellants-plaintiffs from a denial by the district court of a motion for entry of appropriate relief. The essential questions are whether or not the district court complied with the mandate of this court, and whether an adverse decision of this court not reversed by the Supreme Court is *res judicata*.

The original action, which was a class action brought under Title VII of the Civil Rights Act of 1964, involved 13 named individual plaintiffs. The district court dismissed the complaint, Griggs v. Duke Power Company, 292 F.Supp. 243 (M.D.N.C.1968).

Plaintiffs appealed and we reversed the decision in part, 420 F.2d 1225 (4th Cir. 1970). On appeal here the plaintiffs were divided into three groups: (1) Group A, four plaintiffs without a high school education who were hired by the defendant company after adoption of the education-test requirement; (2) Group B, three plaintiffs who had met the high school education requirement; and (3) Group C, six plaintiffs without a high school education who were hired prior to the adoption of the education-test requirement.

This court reversed the district court as to the Group C plaintiffs and required injunctive relief, denied relief to the Group A plaintiffs, and held that the claims of the Group B plaintiffs were moot.

On December 23, 1970, the district court entered an order effectuating the relief granted to the Group C plaintiffs by this court. In that order the district court noted that members of Group B had urged the court to consider allegations of discrimination which were purported to have occurred subsequent to the decision of this court. The district court stated that the proper course for the Group B plaintiffs was to file their complaints with the Equal Employment Opportunity Commission (EEOC). The district court reasoned that, since it and this court had determined that the members of Group B were entitled to no relief, their allegations were not properly before the district court.

On March 8, 1971, the Supreme Court granted relief to the Group A plaintiffs, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158, but not to Group B plaintiffs.

Plaintiffs returned to the district court on September 8, 1971, with a motion for entry of appropriate relief. In this motion plaintiffs: (1) sought injunctive relief for the Group A plaintiffs pursuant to the decision of the Supreme Court; (2) raised new allegations of Title VII violations against the Group C plaintiffs after the decision of this court; and (3) made allegation of Title VII violations against the Group B plaintiffs.

On September 25, 1972, an order was entered by the district court granting injunctive relief pursuant to the decision of the Supreme Court as to the Group A plaintiffs.

Due to the new factual allegations of discrimination against Groups B and C, the district court held evidentiary hearings to determine if further relief should be given the Group C plaintiffs and whether relief should be granted to the Group B plaintiffs.

On January 10, 1974, the district court reaffirmed its order of December 23, 1970, as to the Group B plaintiffs, concluding that their allegations were not properly before the court and stated that

* Senior Judge, United States District Court, District of Maryland, sitting by designation.

they should file their complaints with the EEOC.

As to the Group C plaintiffs, the district court, after examining the evidence presented at the evidentiary hearings, made findings of fact that the company was complying with the mandate of this court and that no further relief was in order.

The appellants raise two issues: (1) whether the district court erred in refusing to grant relief to the Group C plaintiffs as requested in their motion for further relief; and (2) whether the district court erred in refusing to grant relief for the Group B plaintiffs.

■ As to the Group C plaintiffs, there is no error by the district court in its refusal to grant further relief. The court considered the extensive evidence presented by both sides and made a factual determination that the defendant company was complying with the mandate of this court and that no further relief was in order. On review of the record we find no error in the decision of the district court and affirm. Its findings are not clearly erroneous. FRCP 52(a).

As to the Group B plaintiffs, appellants challenge the determination of the district court that they must file their complaint with the EEOC, see 42 U.S.C. § 2000e–5, before commencing any litigation on their allegations of discrimination and that accordingly their present allegations are not properly before the district court. We do not decide this precise question, but affirm on other grounds. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36 (1940).

The appellants state in their brief that the Group B plaintiffs joined with the other plaintiffs in filing a charge with the EEOC *on March 15, 1969.* However, on examining the charge filed with the EEOC as so referred to, it appears that it was filed *on March 15, 1966.* Thus the complaint was filed before this case commenced, and before the first decision of the district court appealed from and not afterwards. We do not attribute this to any intentional act of the attorneys.

■ As noted, having filed this EEOC complaint in 1966, the Group B plaintiffs were dismissed by the district court in 1968. The dismissal was affirmed by this court, which stated that the claims of Group B were moot. The Supreme Court did not consider these determinations as to the Group B plaintiffs and thus they stood dismissed by an order which was final. The 1968 decision is *res judicata.*

Since the Group B plaintiffs were no longer parties to this action, their allegations in the 1971 motion for entry of appropriate relief were not properly before the district court.

This ruling necessarily forecloses their cause of action as to the allegedly discriminatory acts which were " . . . matters actually in issue or points controverted, upon the determination of which the judgment or decree was rendered." Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927). Should they desire to pursue another action based on discriminatory conduct after that time, that matter is not before us. The question of whether their 1966 complaint with the EEOC would be sufficient in a new action if brought is not now before us and we express no opinion as to that question.

Affirmed.