**Susan KRINGEL, Plaintiff,**

v.

**YACHT BROKERAGE, INC. d/b/a Rex Cheoy Lee, Cheoy Lee Shipyard, Ltd., Lloyd's Register of Shipping, David Jackson, and But Yang Lo, Defendants.**

**No. 88–6862–CIV–JAG.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

Jan. 30, 1989.

Robert D. McIntosh, Fleming O'Bryan and Fleming, Fort Lauderdale, Fla., for defendant, Lloyd's Register of Shipping, in petition for removal.

Joseph J. Portuondo, Fitzgerald, Portela and Portuondo, Miami, Fla., for plaintiff, Susan Kringel, opposing removal.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Petition for removal filed by the defendant, Lloyd's Register of Shipping (Lloyd's). The petitioner seeks to remove this case pursuant to 28 U.S.C. § 1441(c). This section provides:

> Whenever a separate and independent claim or cause of action, which would be

removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes' of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The action between the plaintiff Kringel and Lloyd's Register would be removable if sued upon alone because the parties have diverse citizenship and the amount in controversy exceeds $10,000 exclusive of interest and costs. Kringel attacks Lloyd's contention of diverse citizenship by claiming that the defendant has an office in Florida. However, Kringel does not disprove Lloyd's contention that it is an English corporation with its principal place of business in England.

Therefore, the primary issue is whether plaintiff's claim against Lloyd's involves "a separate and independent claim or cause of action" under section 1441(c).

The plaintiff's claims against the various defendants arise out of the construction and sale of a vessel known as the "Gypsy Palace". The ship was built in Hong Kong by the defendant Cheoy Lee Shipyards. But Yang Lo, another defendant, is an officer of the shipyard.

Lloyd's Register of Shipping surveyed and supervised construction of the ship's hull from 1982 to 1984. Upon completion of the hull in May 1984, Lloyd's issued a "Hull Construction Certificate".

The original purchaser of the vessel was Stirling Investment Corporation, Limited. Subsequently, the defendant Yacht Brokerage, Inc. (d/b/a Rex Cheoy Lee) and its officer, David Jackson, (the Florida defendants) acquired the vessel. The plaintiff entered into negotiations with Yacht Brokerage for sale of the "Gypsy Palace". The negotiations culminated in a contract between the parties signed in February 1987. The plaintiff paid for the ship, but became dissatisfied with it and brought this action.

LLoyd's contends that it had no further dealings with the plaintiff after it certified the hull in 1984. It has performed no inspections of the hull since May 1984. Lloyd's only obligation under the certificate was to perform a single certification of the vessel's hull. Lloyd's offers other services such as certification of other parts of a ship and a program of ongoing inspections and certifications. However, the certificate in this case does not include those services.

Lloyd's also contends that its only involvement with the vessel was with its original purchaser, Stirling Investment. The defendant contends that it had no dealings with Kringel including the negotiations and contract between the plaintiff and the defendants Yacht Brokerage and David Jackson.

Kringel claims that Lloyd's is being sued on two grounds; namely, that the defendant issued a certificate on the ship's hull which did not meet the relevant contract specifications and second, that the defendants who negotiated the sale with Kringel marketed the ship by emphasizing the value of the Lloyd's certification. Kringel also represents that she paid valuable consideration for the certificate in the amount of $5,000.

In the case of *American Fire and Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the U.S. Supreme Court enunciated a test for determining the meaning of "separate and independent" in section 1441(c). The Court stated the test as a determination of whether "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions". 341 U.S. at 14, 71 S.Ct. at 540.

The *Finn* decision is instructive on two points. First, the opinion indicates that the inquiry is to focus on the plaintiff's pleadings. Second, in determining the meaning of "a single wrong", this court must consider whether the factual claims against each defendant and the legal theories advanced constitute "an interlocked series of transactions". Of course, the facts are not determinative of whether there are separate causes of action. Rather, the test is whether there are unlawful violations of more than one legal right.

*See Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927) (quoted in *Finn,* 341 U.S. at 12–13, 71 S.Ct. at 539–40).

■ This court concludes that the action between Kringel and Lloyd's involves a "separate and independent claim or cause of action" under section 1441(c). The plaintiff's first claim is against Lloyd's for failure to properly certify the ship. The second claim is against Cheoy Lee Shipyards and its officer, But Yang Lo, for defective construction of the entire ship. The third claim raised by plaintiff's pleading is against the other defendants (Yacht Brokerage and its officer, Jackson) for misrepresentation and fraudulently inducing Kringel to purchase the defective vessel.

There can be little doubt that the claims against Lloyd's and the claims against the Florida defendants for the sale of the ship are independent. As stated in Paragraph 11 of the Complaint, the sole factual ground for Lloyd's liability is that the "construction of the boat did not meet the requirements of the Hull Construction Certificate." The fact that the Florida defendants allegedly induced plaintiff to purchase the ship by emphasizing the value of the Lloyd's certificate does not provide the basis for a claim against Lloyd's. Simply put, Lloyd's has no legal responsibility for any representations made by Yacht Brokerage and David Jackson.

Further, the factual contexts underlying the claims indicate their independence. The cause of action for defective certification by Lloyd's concerns its work on the ship's hull in Hong Kong during the years 1982 through 1984. The claims against Yacht Brokerage and David Jackson involve events in Fort Lauderdale, Florida regarding the negotiation and execution of the February 1987 contract. Lloyd's was not a party to or a participant in the sale of the "Gypsy Palace".

The court also finds persuasive the fact that there are separate contracts involved in each of the plaintiff's claims. Against Lloyd's, plaintiff is apparently proceeding as a third-party beneficiary under the contract between Lloyd's and the original ship's purchaser, Stirling Investment. In the claim against the Florida defendants, plaintiff is suing as purchaser on the February 1987 contract.

This court imparts significance to the fact of separate contracts as recognized by the Tenth Circuit in *Climax Chemical Co. v. C.F. Braun & Co.,* 370 F.2d 616 (10th Cir.1966). Kringel attempts to distinguish *Climax* by arguing that all of her claims in this case "center upon the basic premise that she was given a defective boat." Plaintiff's Memorandum of Law in Opposition to the Petition for Removal at 6. The plaintiff's position is supported by the case of *Pacific Far East Line, Inc. v. Ogden Corporation,* 425 F.Supp. 1239 (N.D.Cal. 1977). However, this court finds *Climax* to be the more persuasive. To accept plaintiff's authority would foreclose removal of all cases under section 1441(c). This is clearly not the intent of Congress notwithstanding the narrowness of this court's removal jurisdiction.

Having considered the petition for removal, the plaintiff's opposition thereto, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the petition for removal is GRANTED. This case shall stand REMOVED to this federal forum from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (case no. 88027166). The Clerk of the Court is DIRECTED to forward a certified copy of this order to the Clerk of the Florida Circuit Court.

Further, the court shall exercise its discretion pursuant to 28 U.S.C. § 1441(c) and DIRECT that the entire case against *all* of the defendants including Lloyd's shall be REMOVED.

The defendant Lloyd's is hereby DIRECTED to file a memorandum within 10 days of the date of this order outlining all outstanding motions including state court action on them, if any, and ripeness for decision.

DONE AND ORDERED.