[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking to recover monetary damages arising out of the institution by the defendant of six foreclosure actions against the plaintiff. The plaintiff alleges that a settlement agreement was reached between the parties and that the plaintiff received from the defendant a letter stating that the actions had been disputed and had been settled. The plaintiff further alleges the that purpose of obtaining the letter was to enable the plaintiff to clear his credit rating. The plaintiff further alleges that, subsequent to the settlement agreement, the plaintiff was informed by credit agencies that the letter received from the defendant was insufficient for his proposes and it would be necessary for the defendant to cease reporting the foreclosure actions in order for those actions to be removed from the plaintiff's credit report. The plaintiff further alleges that, despite many requests, the defendant has failed and CT Page 3544 refused to cease reporting the above foreclosure actions. The First Count of the complaint alleges that the defendant's conduct constitutes a breach of the settlement agreement; the Second Count alleges that the defendant was acting maliciously and intentionally and, as a result of its conduct, has "tortiously interfered with the relationships between the plaintiff and his other lenders and potential lenders and has prevented him from obtaining credit as a result of which the plaintiff has been severely damaged."; the Third Count alleges that the defendant's conduct constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (General Statutes 42-110)(a). et. seq.).
The defendant has moved to strike the Second Count on the grounds that tortious interference with financial expectancies is insufficiently alleged in that the allegations to not state the identity of the third party and that the allegations relating to damages are too speculative to amount to an actual loss. The defendant has also moved to strike a Third Count, which alleges a CUTPA violation, on the grounds that CUTPA does not apply to banks; that a breach of a contractual agreement does not give rise to a CUTPA violation and that the claims are insufficient in that they fail to allege the requisite element of substantial loss.
The defendant claims that the element of tortious interference with economic expectancies requires a demonstration that the conduct was tortious and that the plaintiff a suffered an actual loss in being deprived of an opportunity which he otherwise would have had. See Busker v. United Luminating Co, 456 (1968); Selby v. Pelletier, 1 Conn. App. 320 (1984). The defendant also claims that the identity of third parties must be specifically stated in order to establish such a cause of action. See, Norden Systems Inc., v. General Dynamics Corp., 2 Conn. L. Reptr. 766 (1990) (Cioffi, J.). In the present case the plaintiff does allege that the orders of the defendant tortiously interfered with the relationship between the plaintiff and "other lenders" which the court believes constitutes sufficient identification at least to withstand a motion to strike. The court also cannot conclude that the necessary damage element has not been alleged. Accordingly, the motion to strike the Second Count of the Complaint is denied.
The defendant also asserts that the Third Count of the Complaint alleging a CUTPA violation does not apply to banks citing such cases as American National Bank v. Ginsberg, 6 Conn. L. Reptr. 80 (3/23/92); Andrus v. Maloney, 5 Conn. L. Reptr. 313 (1/6/92); The Washington Trust Co. v. Alland Associates, 3 Conn. L. Reptr. CT Page 3545 447 (1991); Bristol Savings Bank v. Sattler, 4 CSCR. 351 (1989); People's Bank v. Horesco, 1 CSCR 2 (1986). Our Appellate Courts have not resolved the issue of whether CUTPA applies to banking activities. See, Gaynor v. Union Trust, 216 Conn. 458, 482 (1990). The court is also aware that there are conflicting decisions within the Superior Court as to the applicability of CUTPA to banking activities. See, e.g., Andrus v. North American Bank, 3 Conn. L. Reptr. 434 (1991) (Fuller, J.); Economic Development Associates v. Cititrust, 3 Conn. L. Reptr. 403 (1991) (Dranginis, J.).
Under General Statutes 42-110b(b), the interpretation of the Federal Trade Commission ("FTC") serve as a guide the construction of CUTPA and therefore our courts have held that cases under the Federal Trade Commission Act serve as a load star for the interpretation of CUTPA. Russell v. Dean Whitter Reynold's,200 Conn. 172, 179 1986). However, banks are specifically exempted from the application of the Federal Trade Commission Act.15 U.S.C. § 45a(2). "The exclusion of banks from the FTC's jurisdiction appears to have been motivated by the fact that banks were already subject to extensive federal administrative controls." United States v. Philadelphia National Bank, 274 U.S. 321, 336, n. 11, 10 L.Ed. 2nd, [L.Ed.2d], 915, 83 S.Ct. 1715 (1963). It appears that a national bank is subject to the laws of the United states. See,12 U.S.C. § 22, 30, 35. A national bank is, therefore, subject to federal regulations concerning unfair acts and practices as provided for in 15 U.S.C. § 57a(f). (Unfair or deception acts or practices by banks, savings and loan associations or federal credit services; . . .").
In Connolly v. Housing Authority, 213 Conn. 354, 362 (1990), the court, relying upon Russell, supra, noted that CUTPA is not applicable to transactions that are: "(1) explicitly subject to a different and specifically applicable statutory remedy; and (2) are not among the type of transactions to which the Federal Trade Commission Act (FTC Act) has been applied." General statutes 42-110c
provides, in pertinent part, "(a) Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States;" This court has previously held that national banks are subject to extensive federal regulations and are, therefore, within the exemption set forth in General statutes 42-110c(a)(1) and within the rational of the Russell and Connolly cases, Manhattan Bank v. Indian River Green, 8 Conn. L. Reptr. No. 5165 (February 1, 1993) (Rush, J.); National Westminster Bank. N.J. v. Giblin, 7 Conn. L. CT Page 3546 Reptr. No. 5134 (August 24, 1992) (Rush, J.).
In the present case, the plaintiff's claims are based upon the activities of the defendant bank in reporting certain matters to credit reporting agencies. However, no claim is made that the defendant is prohibited by law from making such reports. See, General statutes 36-9m(6). Provisions relating to consumer credit reports, including provisions for enforcement, are contained in General statutes 36-431-4351. Under our statutes, see Chapter 634, the banks are regulated with respect to numerous activities including authority granted to the Banking Commissioner to regulate those activities.
At least as to the activities alleged by the plaintiff in the complaint, the court finds that such activities are within the exemption set forth in General statutes 42-110c(1) and within the rational of the Russell and Connolly cases. Accordingly, the court hereby grants the Motion to Strike the Third Count of the Complaint.
RUSH, J.