**In re TRIDENT SHIPWORKS, INC., Debtor.**

**No. 99–01544–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 6, 2000.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtors.

### *ORDER ON TRIDENT YACHT BUILD-ING PARTNERSHIP'S APPLICA-TION FOR ALLOWANCE OF AT-TORNEYS' FEES AND COSTS AS A PORTION OF THE PARTNER-SHIP'S ALLOWED ADMINISTRA-TIVE EXPENSE (Doc. No. 612)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this confirmed Chapter 11 case is the Application for Allowance of Attorneys' Fees and Costs as a Portion of the Partnership's Allowed Administrative Expense (Application) filed by Trident Yacht Building Partnership (Partnership), owner of the premises on which the business of Trident Shipworks, Inc., (Debtor) is located. The initial Application sought an award as a cost of administration under Section 503(b) of the Code in the amount of $173,292.00 as fees and $20,807.86 as expenses. In this instance the Plan of Reorganization which was confirmed was not the Plan of Reorganization submitted by the Debtor but by Westship, Inc., (Westship), a major creditor of the Debtor. The amount sought by the Partnership was voluntarily reduced to $160,000.00 eliminating certain items which appeared to be double billing. Westship does not object to the billing rate or the total, but vigorously objects to recognizing and allowance of the Application as cost of administration.

In order to place the matter under consideration in a proper context, a brief review of the relevant portion of the record should be helpful.

The original Petition for Relief was filed February 3, 1999. Five days after the commencement of the case, the Partnership filed a Motion to Set Time to Assume/Reject Executory Contracts and to Compel Compliance with Section 365(d) regarding the lease involved (Doc. No. 6A). On March 1, 1999, the Partnership filed a Supplement to the Motion to Assume, which included the leases relating to major equipment referred to as Syncrolift and other contracts associated with the Syncrolift lease. On March 8, 1999, the Debtor filed a Motion to Extend Time to Assume or Reject Unexpired Real Property Lease with the Partnership, (Doc. No. 34). On April 19, 1999, this Court entered an Order denying Doc. No. 6 (Doc. No. 64) and entered an Order granting the Debtor's Motion to Extend Time (Doc. No. 65)

On July 15, 1999, the Debtor filed its Amended Motion to Assume Executory Contract with the Partnership (Doc. No. 127A). On July 21, 1999, the Partnership filed a Response to the Amended Motion to Assume and in it set forth the amount necessary to cure the arrearages for assumption. In the Response, which was quite precise and detailed, the amount stated did not include any attorney's fees and costs. (Doc. No. 131).

On July 26, 1999, the Debtor filed Exhibits to its Motion to Assume the Lease with Partnership. Included in the Exhibits was a Settlement Agreement between the Debtor and the Partnership concerning the provisions to cure the arrearages under the lease. (Doc. No. 132A) The Settlement Agreement provides in pertinent part:

RECITALS Paragraph 3 (Page 2):

E. Partnership has a claim and is entitled under § 365 of the Bankruptcy Code in order for the Debtor to

assume the Lease and Subleases & Agreements to monies or assurances it will be paid in a reasonable length of time (the Cure Claim); a copy of the Partnership's Cure Claim is attached hereto.

F. Partnership and Debtor have agreed to the amount and the method of payment of the Cure Claim.

THEREFORE Paragraph 2 (Page 2)

2. The mutually agreed amount after payment of Real Estate Taxes (item 3 below) of the Cure Claim is $634,240.76.

The Settlement Agreement then goes on to say how the Cure Claim is going to be paid.

Lastly, Paragraph J on Page 5 provides:

J. This Settlement Agreement contains the entire understanding of the parties relating to the Cure Claim and supersedes all previous verbal and written agreements; there are no other agreements, representations or warranties not set forth herein.

Paragraph H on Page 4 provides:

H. In the event it becomes necessary for either party herein to seek legal means to enforce the terms of this Settlement Agreement, the non-prevailing party will be liable for all reasonable attorneys, paralegal and law clerk fees and costs, court costs . . .

In other words, the party would be entitled to assert a claim for attorney's fees and costs for services rendered in the future in connection with the enforcement of the terms of the agreement.

On July 30, 1999, this Court entered an order approving the Settlement Agreement and granting the Debtor's Motion to Assume the Lease. (Doc. No. 139.) The record reveals that after the entry of the Order authorizing the assumption of the lease, the Debtor paid the real estate taxes

pursuant to the Settlement Agreement, continued to pay the monthly rent which was approximately $79,000 a month and continued to pay the Cure Claim pursuant to the terms of the Agreement. In addition, one week after the Order was entered approving the assumption, the Debtor placed $106,000.00 in escrow with the law firm representing the Partnership, apparently as part of assurance of future performance under the assumed lease. The amount of the Cure Claim agreed upon also included a provision for payment of interest at the rate of 18 percent per annum for two years.

It appears that Westship challenged the Order which authorized the assumption but failed to obtain a stay pending appeal. For this reason the Debtor continued to make all payments required for assumption by the Settlement Agreement during the pendency of the Chapter 11 case.

In due course of the case, both the Debtor and Westship filed at least three Disclosure Statements. In each Disclosure Statement, both parties identified the administrative claims of the estate. The Partnership did not object to the Disclosure Statements filed by the Debtor, but did object to every Disclosure Statement filed by Westship. Some of these objections were quite extensive and detailed. However, none of them mentioned anything about attorney's fees as part of the cure amount which should be allowed as an administrative expense.

As noted, the Order of Confirmation confirmed not the Debtor's Plan but the Amended Second Restated Plan of Reorganization filed by Westship. The Order of Confirmation made a finding that all the requirements for confirmation under Section 1129(a) had been met and also specifically found that the amounts needed to meet all allowed administrative expenses are fully funded.

It is the contention of Westship that based on the doctrine *of res judicata* and accord and satisfaction, the Partnership is not entitled to an allowance of attorney's fees and costs as a cost of administration. In support of this proposition, Westship concedes that as of July 1999 the Partnership may have had a claim for attorney's fees and costs as part of the cure amount. However, the settlement agreement resolved with finality the amount necessary to cure the arrearages, which was in excess of $600,000.00, and did not include any provision for attorney's fees and costs.

According to Westship, the doctrine of *res judicata* bars relitigation not only of every issue which was actually litigated and claims asserted in support of the demand for relief, but it also bars every claim which might have been presented. In *Baltimore S.S. Company v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927) the Supreme Court reaffirmed this proposition, and the holding in *Baltimore* was followed by the Eleventh Circuit Court of Appeals in the case of *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.1990).

■ As the Supreme Court stated in *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), "When a court of competent jurisdiction has entered a final judgment on the merits of the cause of action, the parties to the suit and their privies are therefore bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Id.* at 597, 68 S.Ct. 715.

■ Based on the foregoing, Westship contends that the doctrine of *res judicata* now precludes after confirmation the assertion of any entitlement to attorney's fees and costs to be charged as costs of administration. And even if the Partner-ship had a claim for attorney's fees and costs for services rendered prior to July 1999, that was resolved by the Settlement Agreement which fixed the amount required for assumption and became a final binding determination by the entry of the Order on July 30, 1999, which approved the Debtor's Motion to Assume the lease.

Westship concedes that Westship challenged the Order and filed a Notice of Appeal, but that was a dispute between Westship and the Debtor. Although the Partnership did intervene and did participate in the appeal process, it was purely for its own benefit and not for the benefit of the estate. The appeal did not involve anything relating to the amount of cure which had been resolved by the parties by the Settlement Agreement.

The Debtor was not in default at the time the appeal was filed. Also, the lease was current, and the Cure Claim had been agreed upon; therefore, the fact that Westship filed an appeal and the Partnership participated in the appeal is of no consequence.

In opposition, the Partnership contends that the Partnership filed a proof of claim which included attorney's fees, a proof of claim which was amended at least five times, and each of them asked for attorney's fees. In addition, the Partnership also relies on Paragraph H as recited earlier which provided that notwithstanding any provision of the settlement agreement, if it becomes necessary for either party to seek *legal means* for the enforcement of the terms of the settlement, the party shall be entitled to assert a claim for attorney's fees and costs.

None of these propositions urged by the Partnership overcomes the binding effect of the Settlement Agreement, or the binding effect of the Order which approved the Motion to Assume the lease in question.

When the parties agreed to fix the amount needed to cure the default, that was a final binding determination of the amount, which agreement did not provide for any inclusion of attorney's fees and costs. The provisions in Paragraph H are self explanatory and it is clear that a party who requires legal services to enforce the terms of the settlement which included the full and complete understanding of the parties, would be entitled to attorney's fees and costs if it is needed to proceed to enforce. This provision is not contradictory to the conclusion of the binding effect of the Settlement Agreement.

For instance, assuming for the purposes of discussion, that after the case is closed, sometime later the tenant would default on the assumed lease and the landlord will be required to incur legal expenses in order to enforce the terms of the assumed lease. These attorney's fees and costs incurred in connection with the enforcement of the landlord's rights under the assumed lease, certainly could not be charged as a cost of administration of the estate of the Debtor since, with the Order of Confirmation, the estate is no longer in existence and is succeeded by the Reorganized Debtor. In the last analysis, it is clear that the doctrine of *res judicata* bars the application for allowance of cost of administration under consideration filed by the Partnership.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Application for Allowance of Attorneys' Fees and Costs as a Portion of the Partnership's Allowed Administrative Expense be, and the same is hereby, disapproved.