Franklin **LARSEN**, Libelant,

v.

**THE M/V TEAL**, its engines, tackle and equipment, together with **THE** Scow **H91X**, Registry No. 256725, Respondent,

and

**Alaska Packers Association, Claimant.**

No. A–16000.

United States District Court
D. Alaska,
at Anchorage.

April 11, 1961.

As Corrected May 15, 1961.

Bell, Sanders & Tallman, Anchorage, Alaska, for libelant.

Hughes & Thorsness, Anchorage, Alaska, and Walsh & Margolis, Seattle, Wash., for claimant Alaska Packers Assn.

HODGE, District Judge.

Libelant brings this action in rem against the M/V Teal and the Scow H91X to recover damages consisting of loss of wages, partial disability, pain and suffering and maintenance, for personal injury alleged to have been sustained by him on July 31, 1956, while engaged in unloading fish from the deck of the scow onto a fish elevator or conveyor while moored to a cannery dock of the claimant. The scow was used in transporting the fish and the M/V Teal as a towboat to tow the scow. The libel alleges the unseaworthiness of both the scow and towboat and the negligence of the officers thereof. The libelant was employed by the Alaska Packers Association, owner of the scow and towboat, at the time of the injury.

The Association appeared as claimant of the respondent vessels and filed a motion to dismiss the action on the following grounds: (1) that the action is barred under the doctrine of res judicata by reason of a final judgment having been rendered on January 23, 1959, by the Superior Court of the State of Washington for King County in cause number 516321, in that certain action entitled "Franklin Larsen, plaintiff, v. Alaska Packers Association, a corporation, defendant," which judgment constituted a final and conclusive determination of all issues between the parties hereto and those in privity with them; and (2) the action is in any event barred by reason of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. A. § 901 et seq.) which statute provides libelant's sole and exclusive remedy. The motion is based upon the records and files herein including the stipulations of the parties, and the papers in the action in the State of Washington court, photostatic copies of which proceedings were filed with the motion. Claimant also filed an answer to the libel setting up the same defenses.

The complaint in the case instituted in the Superior Court of the State of Washington contains almost identical allegations with the libel in the instant cause, setting up the same claim for injuries, predicated upon both negligence of the defendant and unseaworthiness of the scow, differing only in that the complaint in such case was in personam against the owner whereas the libel in this case is in rem against the vessels, except that a larger amount of damage is claimed herein. The issue as to the exclusiveness

of the remedy afforded libelant under the Longshoremen's and Harbor Workers' Compensation Act was fully submitted to the Court on briefs and determined upon motion for summary judgment. The Court found that the only factual issue raised was whether or not respondent had secured the payment of compensation as required by the Act, and finding that such compensation had been secured as required by law from an insurance company, found as follows:

"The Court now being fully advised in the premises and being of the view that the plaintiff's sole and exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. Sec. 901 et seq.) and that the actions set forth in his Complaint herein are therefore barred, now, therefore,

"It Is Hereby Ordered, Adjudged and Decreed that the Complaint herein be and the same hereby is dismissed with prejudice and with costs and disbursements to defendant * * .* "

Libelant urges that the finding by the Superior Court of the State of Washington is "contrary to law" as provided by Sec. 20 of the Jones Act (46 U.S.C.A. § 688); that the disposition of the case was based upon jurisdictional grounds; that there was no determination upon the merits of the case nor as to the unseaworthiness of the vessel, and that as the case at bar is an action in rem and no prior proceeding has been held on this particular, this action should be allowed to stand and is not barred.

■■■ Where a judgment on the merits is rendered in favor of the defendant in an action to enforce one of two or more alternative remedies, the plaintiff cannot thereafter maintain an action to enforce another of the remedies. American Law Institute, Restatement of the Law, Judgments, Sec. 65, p. 271. Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action. Id. Sec. 61, p. 240. In this instance matters arising out of a single maritime injury involving the same facts are attempted to be litigated in a second action.

In the case of Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, it is held that a judgment in an action for personal injuries in admiralty was a bar to a second action begun in a state court for the same injury, even though alleging different grounds of negligence; also that such judgment operates as an estoppel as to matters actually in issue or points controverted upon the determination of which the prior judgment was rendered. In the case of St. John v. Wisconsin Employment Relations Board, D.C., 90 F.Supp. 347, it is held that a judgment of a state court is res judicata and bars a subsequent action in the federal court based on the same cause of action and that the mere fact that there is a change in the form of relief demanded does not affect this rule. In Green v. Bogue, 158 U.S. 478, 15 S.Ct. 975, 39 L.Ed. 1061, the Supreme Court held as early as 1895 that where the facts alleged and relied upon in a former suit in which final judgment was entered are substantially the same as those in the later case the mere fact that a different form of relief is asked by the plaintiff in a later suit does not deprive the defendants of the protection of the former decision.

■■■ A decree in rem is a bar to a suit in personam in admiralty, and vice versa, as there is but one cause of action based upon the same injury, or a single invasion of a primary right. Burns Bros. v. Central R. R. of New Jersey, 2 Cir., 202 F.2d 910; Bailey v. Sundberg, 2 Cir., 49 F. 583; Sullivan v. Nitrate Producers' S.S. Co., 2 Cir., 262 F. 371. The Second Circuit in the Burns Bros. case granted an exception to this rule where the reme-

dy of libelant in rem was not available to libelant at the time of filing his libel in personam, and where the libelant now seeks such available remedy. Such remedy was available to libelant in this case.

■ The order or judgment of dismissal in the State of Washington Superior Court was not only predicated upon the same set of facts and cause of action but was also a determination or final judgment on the merits of the exact issue presented here, and not, as libelant contends, upon the grounds of want of jurisdiction of the court, for it is conceded that the state court has concurrent jurisdiction in cases in admiralty. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239. It appears therefore that the judgment of the state court is res judicata of the issue presented here and is a bar to the present action.

■ Regardless of the effect of the former decision, it is clear that the sole and exclusive remedy to libelant was under the Longshoremen's and Harbor Workers' Compensation Act. Section 5 of such Act (Sec. 905, Title 33 U.S.C.A.) provides as follows:

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death."

The term "employer" is defined to mean an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States; and the term "employee" is defined as excluding a master or member of a crew of any vessel. Sec. 902.

■ The libel alleges that libelant was a member of a "beach gang" assigned by his employer to pushing fish along the deck of the scow with a metal pusher from the scow into the conveyor or elevator which in turn conveyed the fish to the claimant's cannery. The Superior Court expressly found in its order that it had been

"stipulated by counsel in open court that plaintiff at the time in question was a longshoreman and not a seaman."

Therefore libelant is now estopped from claiming, as he does, an election to bring this suit under the Jones Act for a right of action to a "seaman" who has suffered personal injury in the course of his employment.

In the case of Smith v. The Mormacdale, 3 Cir., 198 F.2d 849, 850, it is held that a longshoreman injured aboard a ship may not maintain a libel in rem against the ship on the grounds of negligence and unseaworthiness where the respondent vessel is owned by the libelant's employer and where the employer has secured the payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act. The opinion states:

"It is abundantly clear that the benefits provided for the employee by the provisions of the Act constitute the limit of the employer's liability * * *. Where the vessel is the property of the employer, an action against the vessel is realistically an action against the employer; collection of damages out of the ship is, of course, an indirect way of collecting from the owner-employer * * *. To impose this additional liability on the employer in the situ-

ation where he is also ship owner would radically distort the intent of Congress in enacting the Longshoremen's Act."

This decision is expressly followed in the cases of Conzo v. Moore McCormack Lines, D.C., 114 F.Supp. 956, and Bennett v. The Mormacteal, D.C., 160 F. Supp. 840. In the case of Samuels v. Munson S.S. Line, Inc., 5 Cir., 63 F.2d 861, it is further held that a stevedore employed by a steamship line could not maintain a libel against his employer's vessel for damages or personal injuries sustained while at work in the hold of the ship unloading cargo in lieu of seeking compensation under the Longshoremen's and Harbor Workers' Act, since the vessel was not "a third person" within the meaning of Sec. 33 of the Act (Sec. 933, Title 33 U.S.C.A.) specifically granting a right to compensation for injuries where third persons, or some person other than the employer, is liable.

Libelant relies in part on a decision of the Second Circuit in the case of Grillea v. United States, 232 F.2d 919, which is an action against the United States by a longshoreman for injuries sustained in falling through an open hatch while working on board a ship owned by the defendant but chartered to another, which action was brought under the Suits in Admiralty Act (46 U.S.C.A. § 743) providing a remedy for libel in personam against the government, which Act is not limited to seamen, and hence libelant had an election to sue in rem or personam under this statute. This case is not applicable here. Libelant also cites other cases upholding the right of a longshoreman to maintain an action in rem against a vessel for personal injuries while employed by another or third person: Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (libelant employed by a stevedoring company engaged in unloading ship); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (libelant employed by independent stevedoring contractor); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (action against independent contractor); Johnson Line v. Maloney, 9 Cir., 243 F.2d 293 (libelant employed by third person). In the Seas Shipping Co. v. Sieracki case the Supreme Court, in considering the remedies afforded by the Longshoremen's Act, stated that Congress "expressly reserved to the stevedore a right of election to proceed against third persons responsible for his injury * * *." [328 U.S. 85, 66 S.Ct. 880]

Finally, libelant cites other cases involving an action by a seaman injured aboard a vessel which are not applicable here. It is true (although not so contended) that a longshoreman is not precluded from filing a suit under the Jones Act where he is doing work aboard ship "traditionally performed by seamen," but such cannot be claimed in this instance as libelant was not a member of the crew of either the scow or towboat, nor performing such traditional duties.

Finding that libelant is entitled to no relief, the motion to dismiss will be granted. Order dismissing the action with prejudice may be presented. Claimant may be allowed its costs, if any, and a proctor's fee of $20.