**Iordanis ANASTASIADIS, Libelant,**

v.

**John MECOM, Respondent.**

**No. 66–H–171.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 21, 1966.

Mandell & Wright, William L. Wood, Jr., Houston, Tex., for libelant.

Baker, Botts, Shepherd & Coates, William C. Bullard, Houston, Tex., for respondent.

INGRAHAM, District Judge.

*Memorandum:*

Libelant's cause of action is identical to that he alleged in Anastasiadis v. SS

Little John, C.A. 63–G–14, S.D.Tex., 346 F.2d 281 (5 CA 1965), rehearing denied 347 F.2d 823 (1965), cert. denied, 384 U.S. 920, 86 S.Ct. 1368, 16 L.Ed. 440 (1966). The only difference is that libelant now proceeds against the vessel's owner *in personam*, whereas in Little John, the suit was against the vessel *in rem*. Respondent moves to dismiss without prejudice, and the motion will be granted.

In Little John, this court refused to take jurisdiction and dismissed without prejudice. This court held that the action should properly be pursued in the courts of the Kingdom of Greece. That judgment is res judicata of this subsequent in personam action against the vessel's beneficial owner. Continental Grain Co. v. Barge F.B.L. 585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); Burns Bros. v. Central R. R. of N. J., 202 F.2d 910 (2 CA 1953). Furthermore, the present suit should be dismissed for the same reasons the first was. Every factor present now was considered in Little John.