**Percy L. PIERCE, Libellant,**

v.

**NATIONAL BULK CARRIERS, INC., Respondent.**

**No. 1938.**

United States District Court
D. Delaware.

Dec. 14, 1966.

———◆———

John Biggs, III, Wilmington, Del., S. Eldridge Sampliner, Cleveland, Ohio, and Harry Alan Sherman, Pittsburgh, Pa., for libellant.

Ernest S. Wilson, Jr., and William T. Lynam, III, Wilmington, Del., for respondent.

## OPINION

LAYTON, District Judge.

Percy L. Pierce ("Pierce") brings this libel in admiralty to recover damages for the injuries he allegedly sustained in 1961 aboard the tanker Nashbulk, owned and operated by National Bulk Carriers, Inc. ("National"). National has filed a motion for summary judgment, urging that two judgments entered in the United States District Court for the Southern District of New York are res judicata as to the controversies herein, and consequently bar the instant action.

Jurisdiction is asserted under the Jones Act (46 U.S.C. § 688) and under the general maritime laws. For a first cause of action, Pierce seeks damages for the injuries he claims were caused by the unseaworthiness of the tanker Nashbulk, and also caused by the negligence of National, its servants, agents, and employees. For a second cause of action, Pierce seeks compensation for maintenance and cure.

This is the third lawsuit instituted by Pierce against National to recover for the alleged injuries. The first two actions were brought in the United States District Court for the Southern District of New York. The first suit, brought as a civil action, was filed on July 13, 1961. Pierce v. National Bulk Carriers, Inc., 61 Civ. 2475. The complaint there sought recovery for the 1961 injuries, and it alleged two causes of action. The first cause of action was based on the unseaworthiness of the Nashbulk and the negligence of National. The second cause of action sought maintenance and cure.

The 1961 action was dismissed on May 3, 1962, by an order signed by Judge Gregory F. Noonan, U.S.D.J. The judgment order stated, *inter alia:*

"ORDERED, ADJUDGED and DECREED that the complaint be and the same hereby is dismissed *on the merits* for the plaintiff's failure to appear for

the taking of his deposition on or before April 17, 1962, and that the defendant recover its costs." (Emphasis added.)

No appeal was taken from this judgment and it has never been attacked by Pierce in any way in the New York District Court.

The second action between the two parties herein (also a civil action) for the 1961 injuries was brought, also in the Southern District of New York. It was filed March 27, 1963. Pierce v. National Bulk Carriers, 63 Civ. 844. It asserted exactly the same causes of action as had the 1961 suit. Upon motion, summary judgment was granted in favor of National. The order dated July 26, 1963, signed by Edmund L. Palmieri, U.S.D.J., which granted defendant's motion, stated that the complaint in the second action was identical to the complaint filed in the first action. The court found that the causes of action asserted were identical to those in the first action. He noted that the order dismissing the first action on the merits had been signed in May, 1962, and that no appeal had been taken nor had any orders been entered vacating, setting aside, or modifying the first judgment. Judge Palmieri concluded that defendant in the second action was entitled to judgment as a matter of law. This second judgment, entered July 29, 1963, has not been appealed or attacked in any other way.

■ Nearly three years later, Pierce brings this third action against National, this time on the admiralty side of the court (the first two actions were civil actions). The causes of action asserted here are exactly the same as those alleged in the first two actions. Nevertheless, Pierce maintains that the two New York judgments dismissing his claims do not have res judicata effect here, because this action is brought in admiralty, while the other two were brought as civil actions. Pierce argues in his brief:

"Concededly, had the action herein been filed as a civil cause, res judicata would be a bar; however, since an Admiralty action could have been separately filed and been pending at the same time as the civil action, even in the same District Court, it is respectfully submitted that default dismissal in the civil action is not an adjudication of the admiralty case; * * * " Libellant's Brief, page 3.

While it is true that both a civil action and an admiralty action seeking damages on the same facts can be pending at the same time, Wounick v. Pittsburgh Consolidation Coal Company, 283 F.2d 325, 91 A.L.R.2d 1411 (3d Cir. 1960); Paluchowska v. United States Lines Co., 93 F.Supp. 751 (S.D.N.Y.1950), it is also true that a dismissal, on the merits, of one of the actions operates as a dismissal of the other action. Language in a recent Supreme Court case makes this clear:

"* * * When a seaman is injured he has three means of recovery against his employer: (1) maintenance and cure, (2) negligence under the Jones Act, and (3) unseaworthiness. Without elaborating on the nature of these three actions, it is sufficient to say that they are so varied in their elements of proof, type of defenses, and extent of recovery that a seaman will rarely forego his right to sue for all three. But if the seaman is to sue for both unseaworthiness and Jones Act negligence, he must do so in a single proceeding. That is a consequence of this Courts' decision in Baltimore S. S. Co. v. Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069], which held that these claims were but alternative 'grounds' of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete 'bar' to his subsequent action for the same injuries under the Jones Act." McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 224–225, 78 S.Ct. 1201, 1204, 2 L.Ed.2d 1272 (1958).

■ It is obvious that Pierce cannot maintain this action here. It cannot be disputed that this libel seeks recovery for

the same injuries sued on in the two previous New York actions. It is clear that the original action was dismissed "on the merits." The libel here, just as the complaints in the New York actions, bases its prayer for relief on the unseaworthiness of the Nashbulk, the negligence of National, and a seaman's rights for maintenance and cure.

Pierce has had his day in court for the alleged injuries. He has been twice unsuccessful. He cannot assert his claims against National for a third time in this Court.

National's motion for summary judgment is granted.