John Emory SIMON, Plaintiff-Appellant,

v.

The M/V HIALEAH, her engines, tackle, apparel, etc., Defendant-Appellee.

No. 28173

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1970.

* █ Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I [August 14, 1970].

John L. Fulbright, Beaumont, Tex., John T. Lindsey, Port Arthur, Tex., for plaintiff-appellant.

O. J. Weber, Jr., Beaumont, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Plaintiff John Emory Simon filed this suit against the M/V HIALEAH under Rule 9(h), Fed.R.Civ.P., seeking damages for personal injuries sustained on or about March 15, 1964, allegedly caused by "the negligence of said vessel and the unseaworthiness of the same." The vessel filed a motion to dismiss, pleading res judicata and laches. The district court granted the motion, and we affirm.

With regard to the defense of res judicata, the district court found as follows:

"The same causes of action were asserted by this very same Plaintiff in Cause No. A–86,701 styled John Emory Simon vs. Caspary-Wendell Work Boats, Inc. in the District Court of Jefferson County, Texas, 58th Judicial District. A copy of the plaintiff's Original Petition in that suit is attached to the Defendant's Motion to Dismiss and reflects that that suit was filed on May 20, 1966. Examination of the State Court petition reflects that the Plaintiff there, as in the above cause, sought damages for personal injuries sustained on or about March 15, 1964 by reason of the alleged unseaworthiness of the Motor Vessel HIALEAH (Paragraph V of the State Court petition) and the negligence of her owner, Caspary-Wendell Work Boats, Inc. (Paragraph IV of the State Court petition).

"A trial on the merits was held on the State Court action with the Plaintiff putting in all of his testimony. At the conclusion of Plaintiff's evidence, the State Court Judge, the Honorable Truman Roberts, granted the Defendant's Motion for Instructed Verdict, and alternatively, that the cause be withdrawn from the jury."

The court further found that the state trial court "considered the case on its merits, and not on a procedural defect only, and granted the Motion on the grounds that the vessel had been withdrawn from navigation at the time of Plaintiff's injury and that he was not owed a warranty of seaworthiness." In addition, the court found that plaintiff "did not perfect an appeal from the adverse judgment [entered on February 5, 1968] in the State Court and it became final."

These findings of fact are amply supported by the record and are not clearly erroneous. Rule 52(a), Fed.R.Civ.P. On the basis of these findings the district court entered the following conclusions of law:

"The final State Court Judgment of February 5, 1968 was one on the merits and that Judgment is res judicata barring this subsequent action. Baltimore SS Company vs. Phillips, 274 U.S. 316, 47 Sup.Ct. 600, 71 L.Ed. 1069; Green vs. Bogue, 158 U.S. 478, 15 Sup.Ct. 975, 39 L.Ed. 1061 and Larsen vs. The M/V TEAL, 193 F.Supp. 508 (1961).

"The final State Court Judgment on the merits precludes the Plaintiff from maintaining this action based upon the same transaction asserting claims arising out of a single injury. Larsen vs. The M/V TEAL, 193 F.Supp. 508

(1961) and American Law Institute, Restatement of the Law, Judgments, Section 65, P. 271.

"The final State Court Judgment of February 5, 1968 operates as an estoppel or bar to prosecution of this suit even though the State Court action was in personam and this action is in rem. Continental Grain Company vs. The FBL-585, 80 Sup.Ct. 1470, 364 U.S. 19 [4 L.Ed.2d 1540] (1960). The cases of Pierce vs. National Bulk Carriers, Inc., 261 F.Supp. 619 (1966), Anastasiadis vs. Mecom, 265 F.Supp. 959 (1966) and Burns Brothers vs. Central Railroad of New Jersey, 202 F.2d 910 (C.A.2, 1953) also support this legal conclusion."

Finding no error in these conclusions of law, we adopt them as our own.

Since we affirm the judgment below on the ground that the present action is barred by the previous state court judgment, we need not consider the district court's alternative holding that the action is also barred by laches.

Affirmed.