This cause was initiated by Century 21 Preferred Properties, Inc., Century 21 Ambassador Realty, Inc., Century 21 Lofton Real Estate, Inc., and Lynn Clowers Real Estate Company, Inc., against the Alabama Real Estate Commission, et al., seeking injunctive relief against the enforcement of a regulation relating to franchisee advertising.[1]
Suit was filed in the Circuit Court of Morgan County, Alabama, on November, 1, 1979, and, subsequently, the suit was transferred to Montgomery County pursuant to Code 1975, §6-3-20. Plaintiffs allege:
1) The regulation exceeds the scope of the Commission's rule-making authority.
2) The legislation is unconstitutional as being tantamount to "special legislation."[2]
3) The regulation was illegal and void because its enforcement has the effect of restraining trade.[3]
4) The regulation unlawfully impairs the obligation of contracts.
5) The regulations were passed without prior "notice" or opportunity to be heard by any of the affected parties, such action being violative of procedural due process.
The Commission's, and its member Defendants', answer sets up various grounds of general denial plus the defense of resjudicata, pleading a former federal court adjudication of identical issues. *Page 766 
Immediately prior to the preliminary injunction hearing, counsel for the parties stipulated (obviating the need for the injunction) that enforcement of the regulation would be suspended pending a determination of the merits of the case. On July 8, 1980, the trial court entered an order denying Plaintiffs-Appellants' requested relief, but, thereafter, granted Appellants' motion for an injunction pending appeal.
By this appeal, Century 21 franchisees and a Realty World franchisee ask that this Court: 1) reverse the trial court and render a judgment in their favor; or, in the alternative, 2) prohibit enforcement of said regulation until Appellants are afforded the rights of procedural due process; or 3) grant Appellants a new trial in the circuit court of Morgan County inasmuch as the trial judge allegedly erred in transferring the case from Morgan County to Montgomery County.
The Commission filed timely notice of its cross-appeal from that part of the trial judge's order holding that Appellees' affirmative defenses of res judicata, collateral estoppel, and lack of clean hands were inapplicable to the case. These cross-appeal contentions are based upon certain prior litigations in federal court involving other Century 21 franchisee parties plaintiff.
The trial court's order, relative to the res judicata issue, reads:
 "If successful, the defendants' res judicata defense would constitute a bar to the prosecution of this action. Accordingly, it will be considered first.
 "The defendants strenuously contend that the claims in the instant case have or should (under the doctrine of `pendent jurisdiction') have been litigated in the Mobile litigation, and that although the plaintiffs are not technically the same here as in the Mobile case, they are substantially identical. They contend that the Mobile judgment should bind the current plaintiffs because their interests were represented adequately by the parties in the earlier suit. See, e.g., Southwest Airlines Co. v. Texas International Airlines, Inc., 546 F.2d 84, 94-5 (5th Cir. 1977), and Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir. 1975).
 "In support of their contention, defendants point out that the interests of the plaintiffs in both suits, i.e., the use of the existing Century 21 tradename and trademark, are identical; that Mr. Prince, Regional Counsel for Century 21, represented the plaintiffs in each case; and that the plaintiffs in the federal litigation have the ability, through Mr. Prince and their franchise agreement, to control the prosecution of this litigation. Substantial evidence supporting their contentions has been presented to and considered by the Court.
 "Plaintiffs argue that the doctrine of res judicata has no application, since the federal court litigation involved only federal, and not state, law claims, and since the parties in the two cases are not identical, and were not in privity. The Court notes, however, that on the first day of the trial of this case, the plaintiffs sought and were granted permission to amend their complaint. The amendment added federal due process claims which were litigated in the Mobile federal suit.
 "Although the Court considers the defendants' argument to have considerable appeal under the instant facts, it nevertheless concludes that, in the absence of some controlling precedent in Alabama law, the facts are insufficient to bar the instant case under the doctrine of res judicata.
 "For substantially similar reasons, the Court concludes that the defenses of collateral estoppel and clean hands lack sufficient merit to warrant dismissal of this action."
Because of our holding favorable to the Appellees with respect to the res judicata issue, we address only one issue presented by the appeal: the propriety vel non of the trial court's order transferring the case to Montgomery County.
 On the Appeal VENUE
Acknowledging the general law that a suit against a State agency with statewide *Page 767 
jurisdiction can be brought only in the county of its principal place of business, Appellants nevertheless urge that "the statutory scheme under which [the Commission] operates" affords Appellants an election to sue either in Morgan County or Montgomery County. The thrust of this argument (citing Boswellv. Citronelle-Mobile Gathering, Inc., 292 Ala. 344,294 So.2d 428 (1974)), seeks to juxtapose portions of §§ 34-27-36
(authorizing the Commission to revoke or suspend real estate licenses) and 34-27-38 (providing the mechanism for judicial review of such administrative orders by the circuit court of the licensee's residence) with the general rule limiting venue to Montgomery County.
From this perceived premise, Appellants conclude:
 "It is quite clear that the [appeals procedure of Section 34-27-38] contemplates and in fact authorizes the review of decisions made by the Commission pursuant to the authority vested in the Commission under Section 34-27-36. Inasmuch as it was upon this statutory provision, Section 34-27-36, that the Commission relied in promulgating the `50-50 Rule', it follows that the appellants were certainly entitled to avail themselves of the statutorily prescribed procedure by which a judicial review of the Commission's decision to promulgate this regulation could be achieved."
This argument and its effort to analogize this case withBoswell lack persuasion for two reasons: 1) the Boswell Court was aided by a specific statutory provision (The Uniform Disposition of Unclaimed Property Act, §§ 35-12-20, et seq.), allowing suits thereunder either in Montgomery County or the county of the aggrieved party's residence; and 2) § 34-27-38 — the statute here under consideration — deals specifically with suspension or revocation proceedings. The fact that the outcome of this declaratory judgment case may ultimately result in a proceeding in which a real estate licensee is charged with violating the challenged regulation does not abrogate the operative effect of the general rule that the venue for a suit of this nature lies exclusively in Montgomery County, the principal place of business of the Alabama Real Estate Commission. Alabama Youth Services Board v. Ellis,350 So.2d 405 (Ala. 1977).
 On the Cross-Appeal[4] RES JUDICATA
Posture of the Case
On August 10, 1978, Century 21 Real Estate Corp., the franchisor and owner of the trademarks and tradenames in question; Century 21 of the South, a franchisee of Century 21; and numerous Century 21 sub-franchisees from throughout Alabama filed suit in the United States District Court in Mobile, alleging numerous constitutional and statutory deficiencies in the Commission's "50:50" Rule. Subsequently, the Commission agreed to refrain from enforcing such promulgation pending a determination of its validity in federal court by a trial on the merits. Prior to trial, Century 21 filed a motion to stay the Mobile federal action pending the forthcoming decision from the United States Supreme Court concerning the validity of a similar "50:50" regulation from the State of Nevada.
On December 22, 1978, District Judge Virgil Pittman granted Century 21's motion to stay, explaining:
 "The attorneys for the plaintiffs and defendants agreed that the issues before the United States Supreme Court in the case of Century 21 Real Estate Corporation, et al. v. Nevada Real Estate Advisory Commission, et al. [440 U.S. 941, 99 S.Ct. 1415, 59 L.Ed.2d 630], Supreme Court Docket Number 78-683 will be dispositive of all the issues in the case before *Page 768 
this court without the necessity of taking testimony."
On March 5, 1979, the Supreme Court summarily affirmed the Nevada three-judge District Court panel decision, upholding the validity of the "50:50" Rule. Century 21 Real Estate Corp. v.Nevada Real Estate Advisory Commission, 440 U.S. 941,99 S.Ct. 1415, 59 L.Ed.2d 630 (1979). Thereafter, the Commission moved for summary judgment on the basis of the parties' agreement to be bound by the Supreme Court determination. On August 20, 1979, Judge Pittman granted the Commission's motion for summary judgment with the following explanation:
 "This court was unwilling to issue a stay unless the parties agreed that the Nevada Real Estate Advisory Commission case pending before the Supreme Court would be dispositive without argument as to what was decided and what was not decided.
 "It was the court's understanding that the disposition by the Supreme Court would be binding on the parties without qualification.
 All of the issues were presented to the United States Supreme Court. It is, therefore, ORDERED, ADJUDGED, and DECREED that the plaintiffs' complaint should be, and is hereby, DISMISSED with prejudice."
In his order, granting a 120-day stay, Judge Pittman declared:
 "At a hearing . . . on the Motion for Summary Judgment, plaintiffs' counsel requested that, in the event the court should grant the motion, defendant's enforcement of the `50:50 ratio rule' be stayed for 120 days to enable the plaintiffs to comply with said rule in an ordinary and economical manner. In this connection, counsel pointed out that various signs, letterheads, stationery, and the like would have to be altered to comply with said rule. The court has considered the equities of this request, and concludes that a stay of the enforcement of the regulation is appropriate under the circumstances."
Two months later, on October 27, 1979, in a Century 21 Regional Bulletin, Appellants' counsel wrote all Century 21 Alabama franchisees the following:
 "It's time to move on to protect ourselves from this unfair rule. We expect the immediate filing of one, perhaps two, lawsuits in state courts challenging the Commission's authority under state law to pass the 50/50 ratio rule. . . .
As previously noted, this state action was commenced in circuit court on November 1, 1979.
While, ordinarily, it is not this Court's function to inquire into a party's motives in his pursuit of legal remedies, we are constrained to observe that the journey of these combined federal and state litigations run afoul of the nonrelitigation spirit of the res judicata and equitable estoppel doctrines. Simply stated, Appellants, though identical parties in interest, having exhausted their remedy in one forum, now seek "another bite at the apple" in a second forum.
Substantial Identity of Issues.
Under both Alabama law (Educators' Investment Corp. of Ala.,Inc. v. Autrey, 383 So.2d 536 (Ala. 1980), and Wheeler v. FirstAlabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala. 1978)) and federal law (Wasoff v. American Automobile Insurance Co.,451 F.2d 767, 769 (5th Cir. 1971)), the doctrine of res judicata prohibits the relitigation of all matter which was or could have been litigated in the prior action.
 This doctrine is based on the notion that "[a] party . . . is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." Baltimore Steamship Company v. Vernon Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed.2d 1069] (1926).
This doctrine also "bars state litigation on a part of the claim that could have been, but was not, heard in a federal action and it *Page 769 
bars suit in a state court on a state law claim that, under the doctrine of pendent jurisdiction, could have been joined with a claim under federal law in the federal action." 17 Wright 
Miller, Federal Practice and Procedure, § 4226, at 343-4 (1978). See, also, Educators' Investment Corp. of Ala., Inc. v.Autrey, supra.[5]
Inherent in such substantive principles of jurisprudence is a determination, in this case by this Court, of whether or not the moving party was precluded from asserting both state and federal theories of recovery in the initial federal court proceedings. Such a determination, be it pro or con, must necessarily coincide with an analysis of pendent jurisdiction.
Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority . . .," U.S. Const., art. III, § 2; and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering Garrigues Co. v. Morrin,289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933).
The state and federal claims must derive from a common nucleus of operative fact. See Starker v. U.S., 602 F.2d 1341
(9th Cir. 1979). But if a plaintiff's claims, regardless of their federal or state character, are such that he would be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power
in federal courts to hear the whole. United Mine Workers ofAmerica v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218
(1966); cf., Armstrong Co. v. Nu-Enamel Corp., 305 U.S. 315,325, 59 S.Ct. 191, 196, 83 L.Ed. 195 (1938). Note, Problems of Parallel State and Federal Remedies, 71 Harv.L.Rev. 513, 514 (1958).
State law claims are appropriate for federal court determination if they form a separate but parallel ground for relief also sought in a substantial claim based on federal law.
 "`[T]he whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time.'" [United Mine Workers of America v. Gibbs, supra, citing Baltimore Steamship Company v. Vernon Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).]
Pendent jurisdiction need not be exercised in every case in which it is found to exist. It is a doctrine of discretion, not of plaintiff's right. United Mine Workers of America v. Gibbs,supra; Massachusetts Universalist Convention v. Hildreth Rogers Co., 183 F.2d 497 (1st Cir. 1950). Moynahan v.Pari-Mutuel Employees Guild of California, Local 280,317 F.2d 209, 211-212 (9th Cir. 1962). Its justification lies in considerations of judicial economy, convenience and fairness to litigants. Generally, absent these considerations, federal courts hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Erie R. Co. v.Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);United Mine Workers of America v. Gibbs, supra.
Ordinarily, the question of power to hear the whole will be resolved on the pleadings. But whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation. United Mine Workers of America v. Gibbs, supra. *Page 770 
Appellants' argument in federal court, as well as before this Court, is bottomed upon the alleged "unfairness" of the "50:50" Rule. Whether it be a challenge to the Commission's authority to promulgate such a mandate or allegations concerning an absence of minimum procedural due process guarantees prior to its enactment, Appellants' center of gravity — about which all else turns — remains the reasonableness of the "50:50" Rule.
While we are quick to note the nebulosity of the term "common nucleus of operative fact," any holding negating its presence in the instant case would read the concept right out of existence. Assuming substantial identity of parties, we hold, therefore, that Appellants' state and federal claims are simply alternative grounds of recovery for the same cause of action.
Substantial Identity of Parties
Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies. Parklane Hosiery Co. v. Shore, 439 U.S. 322,99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Res judicata applies where the parties to both suits are "substantially identical."Wheeler v. First Alabama Bank of Birmingham, supra; AstronIndustrial Associates, Inc. v. Chrysler Motors Corp.,405 F.2d 958, 961 (5th Cir. 1968).
Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit.Southwest Airlines Co. v. Texas International Airlines,546 F.2d 84, 94-95 (5th Cir. 1977). A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporationv. Askew, 511 F.2d 710, 719 (5th Cir. 1975). Moreover, if a party has "a sufficient `laboring oar' in the conduct" of the litigation, then the principle of res judicata can be actuated.Montana v. U.S., 440 U.S. 147, 155, 99 S.Ct. 970, 974,59 L.Ed.2d 210 (1979).
Appellants contend, and we agree, that the parties to the federal action and in the cause now before us were not identical. Applying the legal precedent to the facts heretofore set out, however, we find they were "substantially identical," that Plaintiffs' rights in this action were adequately represented in the federal litigation, and that identical parties in interest retained central control of the litigation in both forums. See Restatement (Second) of Judgments §§ 78, 78.1 and 88 (Tent. Draft Nos. 3 and 4, 1976, 1977).
In summary; our holding is that 1) both the federal and state claims arose from a common nucleus of operative fact; and 2) the parties to both causes were substantially identical. Therefore, Appellants' action in the circuit court is barred by the doctrine of res judicata. Thus, the trial court's judgment denying the relief sought by the Plaintiffs is affirmed.
We further express the opinion that the trial court's findings on the merits of the case are compelled by Century 21Real Estate Corp. v. Nevada Real Estate Advisory Commission,440 U.S. 941, 99 S.Ct. 1415, 59 L.Ed.2d 630 (1979).
AFFIRMED.
SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON, J., concur specially.
MADDOX, FAULKNER and EMBRY, JJ., dissent.
[1] The "50:50" Rule, the regulation in question, reads:
 Any company which operates under or uses a franchise name shall incorporate in the franchise name and logotype the company name; however, the company name shall not be less than 50% of the surface area of the entire combined area of both the company name and the trade name or logotype. This regulation shall be implemented immediately and effective in all advertising, except, signs, letterheads, cards, other printed supplies and materials. Such items shall be required to comply on or before November 1, 1978.
[2] This state law ground is not among the issues presented on the appeal.
[3] This ground — whether denominated federal law, state law, or both — is not an issue presented on the appeal, leaving the remaining three state law grounds here presented clearly within the prerogative of federal forum adjudication.
[4] While, for the sake of convenience, we have retained Appellees' designation of their res judicata contention as a "cross-appeal," in a technical sense this designation is a misnomer. The trial court, after rejecting Appellees' resjudicata plea, nevertheless ruled adversely to Appellants on the substantive issue as to the validity of the "50:50" Rule, thus denying all relief sought by Appellants (Plaintiffs below). Appellees, therefore, do not seek a reversal as to any aspect of the final judgment — a necessary ingredient of a cross-appeal.
[5] This doctrine is discussed in A.L.I., Restatement (Second) of Judgments, § 61.1 (e) (Tent. Draft No. 5, 1978, p. 160):
 "e. State and federal theories or grounds. A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. . . ."
An exception to this rule, of course, is where the federal court, in the exercise of its discretion, elects not to entertain the state law ground. This did not occur in the instant case.