ADAMS, Justice.
The plaintiff, Willie Lee Green, Jr., was incarcerated in the Mobile County Jail. Several days after his incarceration, Green complained to jail officials about a knee that he had injured prior to his incarceration. Green went to the jail medical clinic and was examined by Rhoda Manning, a registered nurse. Green told Manning that he had scheduled knee surgery prior to his incarceration and that he still wanted the surgery. Manning found no problem with his knee, but she called the doctor who had scheduled the surgery, to verify what Green had told her. The doctor told her that the surgery was elective and that there was no emergency. Manning examined Green’s knee on numerous occasions after that time, but never found a problem. Nonetheless, Manning gave Green aspirin and Tylenol, due to his complaints about the pain. Green was never permitted to have the surgery. Green sued Manning for malpractice and negligence in the Mobile Circuit Court. Green appeals from the dismissal of his complaint. We affirm.
Green’s complaint was filed on August 25, 1987. However, Green had previously filed a lawsuit against Manning and several other parties on December 29, 1986, in the United States District Court, Southern District of Alabama, Southern Division. See Green v. Manning, CV-86-1076-T-C (S.D.Ala.1987) (unpublished opinion). The federal complaint alleged that the defendants had violated Green’s constitutional rights by allowing his knee to go untreated. After an evidentiary hearing in the federal case, the court entered judgment for Manning and the other defendants.
In the instant case, the trial court dismissed Green’s complaint pursuant to Rule 12(b)(6), A.R.Civ.P. We will not reverse unless the complaint, considered in a light most favorable to Green, suggests some circumstance that might entitle him to relief. Raley v. City Bank of Alabama/Andalusia, 474 So.2d 640 (Ala.1985).
We conclude that the complaint in the instant case was properly dismissed under the doctrine of res judicata. When judgment has been entered by a court of competent jurisdiction, res judicata bars the relit-igation of a claim in a different forum when the claim involves the same parties and arises from the same facts as the previous suit. See Century 21 Preferred Properties, Inc. v. Alabama Real Estate Commission, 401 So.2d 764, 768 (Ala.1981); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978); Lesley v. City of Montgomery, 485 So.2d 1088, 1090 (Ala.1986); Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985). In addition, res judicata bars state litigation on any part of a claim that could have been litigated in a prior federal action, even though it was not actually litigated. Therefore, any state claim that could have been joined with the federal claim under the doctrine of pendent jurisdiction is also barred. 17 Wright, Miller & Cooper, Federal Practice and Procedure, § 4226 at 343-44 (1978); Century 21, supra.
When Green filed his complaint in state court, judgment had already been entered by the federal court in a claim filed by Green against Manning arising from the same facts as the instant claim. Although malpractice and negligence were not raised in the federal complaint, these claims could have been joined in the federal complaint under the doctrine of pendent jurisdiction; therefore, we conclude that res judicata bars the claim in the state forum.
For the foregoing reasons, the judgment of the trial court dismissing Green’s claim is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.