INGRAM, Judge
(dissenting):
I respectfully dissent from the majority holding in this case on the question of collateral estoppel and, specifically, in its determination that Stonewall’s motion for summary judgment should be denied.
For collateral estoppel to apply, Alabama law requires: (1) an issue identical to one litigated in a prior suit; (2) that the issue has been actually litigated in a prior suit; (3) that the resolution of that issue has been necessary to the prior judgment; and (4) that the parties must have been substantially the same in both cases. Lott v. Toomey, 477 So.2d 316, 319 (1985). So the question, as I see it, should be grounded in whether these four elements exist. Obviously, the issues of liability and damages were identical in both suits and were litigated. Since these identical issues were actually litigated in a prior suit (John Allen McDonald and Gregory Monroe McDonald, a minor, Plaintiffs, vs. Stonewall Insurance Company, CV 86-3347-EBM, April 2, 1987), the second element listed above is likewise satisfied. As to the third element above, there can be little dispute that the resolution of the questions of liability and damages was necessary for entry of the judgment in favor of McDonald and against Stonewall.
Finally, the parties were substantially the same in both circuit court cases CV 86-3347-EBM and CV 85-2806-FDM & R, because only by Stonewall’s denial of the negligence of the uninsured motorist, Boy-kin, could Stonewall have defended itself.
Judgments can bind persons who are not parties to the litigation in question or who are not in privity to that litigation where the nonparties’ interests were represented adequately by a party in the original suit. Century 21 Preferred Properties, Inc. v. *1314 Alabama Real Estate Comm’n, 401 So.2d 764 (Ala.1981); Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 94-95 (5th Cir.1977).
It seems clear to me that the parties were substantially the same in both cases and that the “substantial identity of parties” test was met when Stonewall denied the negligence of Boykin in order to defend itself in case CV 86-3347-EBM.
I would, therefore, reverse the trial court’s ruling granting summary judgment in favor of Boykin and its dismissal of Stonewall’s complaint for intervention. I would direct the trial court to render a judgment in favor of Stonewall.