MADDOX, Justice
(concurring specially).
Alabama Power Company has applied for rehearing, arguing that the decision in this case conflicts with the decision of this Court in Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm’n, 401 So.2d 764 (Ala. 1981), wherein the Court held that “^judgments can bind persons not party (or privy) to the litigation in question, where the nonparties’ interests were represented adequately by a party in the original suit” and that “[a] person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.” 401 So.2d at 770.
I tend to agree with Alabama Power Company that this decision conflicts with the decision of this Court in the Century 21 case, where this Court applied the doctrine of collateral estoppel, but it must be remembered that I dissented in Century 21, and that two other Justices on this Court joined me in that dissent. I still believe very strongly that the decision in Century 21, as applied to the facts of that case, was wrong. Based on the principles of law set out in my dissenting opinion in Century 21, I am compelled to agree that the application for rehearing should be denied, but I do think that this Court should at least distinguish Century 21.