This appeal by permission is from the denial of a summary judgment in a declaratory judgment action brought on behalf of two classes of taxpayers against Jefferson County. The taxpayers sought to have Act 406, 1967 Ala. Acts, and Jefferson County Ordinance 1120, adopted in 1987, declared unconstitutional. *Page 1128 
Act 406 authorizes the Jefferson County Commission to levy a county occupational tax on all persons who earn wages in the County and who are not required to pay the state business license tax. Ordinance 1120 levies the county occupational tax at the rate of .005 (1/2 of 1%) on all eligible income earned in the county, exempting persons who pay the state business license tax and domestic servants employed in private homes. The complaint was filed by two classes of taxpayers: the "Foley-Dykes" class, which represents all Federal employees subject to the tax, and the "Richards-Hill" class, which represents all non-Federal employees subject to the tax. The complaint alleges that Act 406 and Ordinance 1120 violate the equal protection and due process provisions of the Federal and State constitutions, and, with regard to the class of Federal employees only, the Buck Act, 4 U.S.C. § 111 et seq. The plaintiffs allege that the Act and the ordinance are made unconstitutional by what they call the arbitrary and irrational character of the exemptions. The Birmingham-Jefferson Civic Center Authority ("BJCC") was allowed to intervene, asserting as its interest $10 million per year of occupational tax proceeds that have been pledged to the BJCC for a 20-year period to repay BJCC special tax bonds that are now outstanding in the principal amount of over $123 million.
The County moved for a summary judgment, contending that all of the claims, except for the Federal employees' Buck Act claim, are barred by the doctrine of res judicata, based on the action that was the subject of this Court's opinion inBedingfield v. Jefferson County, 527 So.2d 1270 (Ala. 1988). The trial court entered a summary judgment for the County on all State constitutional claims, but denied the motion for summary judgment with regard to the Federal constitutional and statutory claims, stating:
 "In Bedingfield v. Jefferson County, 527 So.2d 1270 (Ala. 1988), neither the trial court nor the Alabama Supreme Court determined whether Alabama Act No. 406 (Alabama Legislature 1967), authorizing the tax in question, or Jefferson County Ordinance No. 1120 (Jefferson County Commission 1987), imposing the tax in question, violates the equal protection clause of the United States Constitution by creating an unreasonable, unjust and improper classification of citizens subject to the tax, while exempting certain citizens from said tax in an arbitrary, irrational and unjust manner."
Pursuant to Rule 5, Ala.R.App.P., we granted the County permission to appeal the denial of the summary judgment. The issue before us is whether the trial court correctly held that the Federal constitutional claims are not barred by the doctrine of res judicata and thus correctly denied the summary judgment on these claims.
The doctrine of res judicata is a well-established principle of law:
 "The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860
(Ala. 1987)."
Dairyland Insurance Co. v. Jackson, 566 So.2d 723, 725
(Ala. 1990).
 "If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation."
Id.; Crutcher v. Wynn, 591 So.2d 453, 454 (Ala. 1991); Ex parteMcCracken, 576 So.2d 664, 665 (Ala. 1991); Wood v. Tricon Metals Services, Inc., 548 So.2d 138, 140 (Ala. 1989); Trimble v.Bramco Products, Inc., 351 So.2d 1357 (Ala. 1977).
 "In general a judgment is res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit."
Heiser v. Woodruff, 327 U.S. 726, 735, 66 S.Ct. 853, 857,90 L.Ed. 970 (1946) (citations omitted).
The appeal in Bedingfield arose from two complaints that were consolidated in a single action. One complaint was filed by Hoyt Bedingfield, Jr., individually as a taxpayer, and also in his capacity as acting director of finance of the City of Birmingham, and by *Page 1129 
the City of Birmingham. The Bedingfield/Birmingham complaint requested a judgment declaring
 "that Ordinance No. 1120 adopted by the Jefferson County Commission is void or invalid, and if necessary, that Act No. 406 passed by the Alabama Legislature in 1967 and approved by the Governor on September 7, 1967, is void and invalid to the extent that it supports any comprehensive occupational tax on all persons working in Jefferson County."
Among the grounds alleged in that complaint were that "Act 406 is a violation of the equal protection requirements and provisions of the federal and state constitution," and that "Act 406 is vague and ambiguous and therefore is a violation of the due process requirements of the state and federal constitution."
The second complaint sought declaratory and injunctive relief "against the action of the Jefferson County Commission levying an occupational tax on employees of Jefferson County." It was filed by three persons "in their individual capacity" as "employees within Jefferson County." In addition to several other allegations of violations of due process and equal protection principles, the complaint alleged that the tax
 "constitutes a denial of equal protection in violation of the Fourteenth Amendment of the United States Constitution. Said Act exempts professional occupations required by State law to be licensed but does not exempt other professional and nonprofessional occupations."
(Emphasis added.) This allegation is the substance of the allegations made in the complaint now before the Court.
The complaint that is the subject of this appeal asks the circuit court to "declare the occupational tax unconstitutional, as depriving plaintiffs of due process of law and equal protection of the laws" guaranteed under the United States and Alabama Constitutions. The same cause of action was presented in both actions. Both were actions for declaratory judgments challenging the constitutionality of the Jefferson County occupational tax. Both complaints alleged violations of the equal protection and due process provisions of the State and Federal constitutions. The appellate briefs inBedingfield argued an equal protection issue regarding the fact that Act No. 406 applied only to counties with a population of 500,000 or more. Bedingfield was decided, both by the circuit court and by this Court, on other State constitutional grounds, but the Federal and State equal protection and due process claims were pleaded, and it is at least true that they "could have been adjudicated." Dairyland Ins. Co. v. Jackson,566 So.2d 723, 725 (Ala. 1990). Furthermore, they arguably were
adjudicated, because they were grounds stated as a basis for relief, and a final judgment denying relief was affirmed.
"Res judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact."NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990) (citations omitted).
 " '[A] party . . . is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds on which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.' Baltimore Steamship Company v. Vernon Phillips, 274 U.S. 316
[47 S.Ct. 600, 71 L.Ed. 1069] (1927)."
Century 21 Preferred Properties, Inc. v. Alabama Real EstateComm'n, 401 So.2d 764, 768 (Ala. 1981) (per Jones, J., with three Justices concurring and two Justices concurring in the result).
The only other element of res judicata that is at issue is "substantial identity of the parties," see Dairyland, supra.
 "The second set of persons to whom res judicata
applies is composed of those persons who are or were in privity with the parties to the original suit. . . . Privity is defined as 'a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty.' . . . Privity exists where the nonparty's interests were represented adequately by the party in the original suit. . . . Privity also exists where a party *Page 1130 
to the original suit is 'so closely aligned to a nonparty's interest as to be his virtual representative.' United Merchants Mfrs., Inc. v. Sanders, 508 So.2d 689, 692 (Ala. 1987)."
NAACP v. Hunt, supra, at 1560-61 (citations omitted). See alsoCentury 21, supra. The taxpayers in the Bedingfield action adequately represented the interests of the taxpayers here, and the respective taxpayers' interests are not only closely aligned — they are essentially identical. The "substantial identity of the parties" element of res judicata is met here.
The wisdom of disallowing successive attacks on the county tax on grounds that could have been pursued and adjudicated in the initial challenge is demonstrated by the BJCC's motion to intervene, which recites that it issued two series of bonds in 1989 to expand and improve the civic center. The motion continues:
 "[P]ursuant to that certain Pledge and Appropriation Agreement between the Defendant Jefferson County and the Intervenor, said Defendant appropriated, pledged and agreed to pay a portion of the proceeds of the Occupational Tax [at] issue in this matter to the BJCC for repayment of the Series 1989 and Series 1989B Capital Outlay Special Tax Bonds issued by the BJCC in twenty (20) annual payments of $10,000,000.00 beginning in the year 1989 and ending in the year 2008."
In 1989, the county and the Authority, in pledging the occupational tax revenue and issuing the bonds, could have relied on Bedingfield as authoritatively establishing that the county occupational tax was not unconstitutional for the reasons asserted by the Bedingfield plaintiffs. To allow a challenge now that was pleaded and could have been adjudicated in Bedingfield would not only violate the res judicata
principles discussed above, but would also improperly interfere with the operations of the county and the BJCC and undermine the security of the bonds, to the detriment of the bondholders.
For the foregoing reasons, we conclude that the circuit court incorrectly held that Bedingfield v. Jefferson County,527 So.2d 1270 (Ala. 1988), did not, by the operation of the doctrine of res judicata, bar this action.
REVERSED AND REMANDED.
SHORES, KENNEDY, COOK, and BUTTS,* JJ., concur.
MADDOX, J., dissents.
* Although Justice BUTTS was not a member of this Court when this case was orally argued, he has listened to the tape of oral argument and has studied the record.