Dear Mr. Wiley:
On behalf of the Board of Commissioners of the Lafourche Basin Levee District (the "District"), you have requested the opinion of this office regarding LSA-R.S. 38:334 which provides for the utilization of taxes collected by the Lafourche Basin Levee District. As stated in your letter, LSA-R.S. 38:334 has the effect of directing the allocation of certain tax resources of the District to specific parishes. Pertinently, LSA-R.S.38:334(A) provides:
 "Of all the taxes collected by the Lafourche Basin Levee District from property located within the parish of Lafourche, and St Charles Parish located west of the Mississippi River, not less than fifty-seven percent of tax monies shall be expended for the purposes of levee construction, levee maintenance, and other flood control and drainage works within the parishes or portions of those parishes from which the taxes were collected. These expenditures shall be in cash or in-kind services as determined by the parish governing body. . . . Expenditures shall be certified as received by the parish's governing body at the end of each fiscal year."
You have asked this office to examine whether LSA-R.S38:334 violates the due process and equal protection provisions of the Louisiana and United States Constitutions, exceeds the authority vested in the legislature by La. Const. Art. VI, Secs.38 and 39, or violates the provisions of La. Const. Art. VII, Sec14 regarding the donation of public funds. Specifically, you ask whether the legislature has the power to mandate that the District return to two of the six parishes in the District a fixed percentage of the tax revenues collected by the District through performance of "in-kind" services.
Please be advised that this office is not in a position to comment upon the constitutionality of LSA-R.S. 38:334. We recognize that LSA-R.S. 38:334 may be subject to constitutional challenge, and in that regard, we direct your attention to Boardof Commissioners of North Lafourche Conservation, Levee andDrainage District v. Board of Commissioners of Atchafalaya BasinLevee District, 95-1353 (La. 11/16/96), 666 So.2d 636. Although decided on other grounds, the same constitutional questions that you have raised with regard to LSA-R.S. 38:334 were raised in that case by the Atchafalaya Basin Levee District, with regard to LSA-R.S. 38:333 (now repealed).
We are unaware of any cases which have been filed alleging the unconstitutionality of LSA-R.S. 38:334 and our research did not reveal any reported cases which have tested the constitutionality thereof. Therefore, this office is constrained to presume LSA-R.S. 38:334 to be constitutional. Polk vEdwards, 662 So.2d 1128 (La. 1993; State in the interest ofJ.A.V., 558 So.2d 214 (La. 11980); Gulf Oil Corporation v.State Mineral Board, 317 So.2d 576 (La. 1975).
In light of the presumed constitutionality of LSA-R.S.38:334, and in the absence of a judicial determination to the contrary, it is the opinion of this office that the District must continue to "make `cash' expenditures" or "provide in-kind services pertaining to levee construction, maintenance, etc.", in the amount set forth in the statute, within the parishes of Lafourche and St. Charles. See: Attorney General Op. No. 94-348.
We trust this correspondence to be of some assistance to you.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
JMZB/sam