I respectfully dissent from the majority's opinion reversing the trial court's judgment and remanding the cause. In considering whether to apply the doctrine of res judicata, the majority opinion focuses on the element of privity. The majority opinion notes that one example of an identity of interest that gives rise to privity sufficient for the doctrine of res judicata to apply is when one party is the virtual representative of the other. See Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner Smith, Inc., 821 So.2d 158, 165 (Ala. 2001) (quoting Hughesv. Martin, 533 So.2d 188, 190 (Ala. 1988)) (three definitions of privity have traditionally been used in Alabama: "`"(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation"'").
The majority concludes that there cannot be privity in this case because "we cannot find any basis upon which to determine that the McDill plaintiffs were agents of the Morris plaintiffs." 884 So.2d at 799. However, such a finding is unnecessary if the parties nevertheless shared an identity of interest in the subject matter of the litigation. The majority fails to recognize that agency is but one example of an identity of interest. SeeNAACP v. Hunt, 891 F.2d 1555 (11th Cir. 1990) ("Privity exists where the nonparty's interests were represented adequately by the party in the original suit. Privity also exists where a party to the original suit is `so closely aligned to a nonparty's interest as to be his virtual representative.'" (citations omitted)). In the case before us, the only contract the Morris plaintiffs claim Cornerstone Propane breached, and the only one on which they rely for a right to recover damages, is the contract purportedly made between the Calhoun County Poultry Association and Cornerstone Propane; the Morris plaintiffs did not have separate contracts with Cornerstone Propane. Therefore, any benefits they hoped to receive because of the contract came from their membership in the Association and their interest as third-party beneficiaries. *Page 801 
This interest is identical to the interest of the McDill plaintiffs. Both groups are made up of members of the Association seeking to enforce a contract the Association allegedly made on their behalf. Because the interests of the McDill plaintiffs and the Morris plaintiffs are identical, the interest of the Morris plaintiffs was adequately represented in the McDill litigation.See Century 21 Preferred Props., Inc. v. Alabama Real EstateComm'n, 401 So.2d 764, 770 (Ala. 1981) (stating that judgments can bind persons not party to the litigation where their interests were adequately represented).[2]
I respectfully dissent.
[2] If the Morris plaintiffs had been suing to enforce individual contracts each had had with Cornerstone Propane, then there would not have been an identity of interest, and the analysis would be different. An individual farmer has no interest in a contract executed by another farmer with the same supplier. However, this case involves plaintiffs attempting to relitigate the question whether a contract exists between the Association and Cornerstone Propane. A court of competent jurisdiction has already considered that question and answered it in the negative.