Anthony **BRYANT**, Plaintiff,

v.

**UNITED STATES of America, Internal Revenue Service, Special Agent Philip Cousin, Assistant United States Attorney Andrew Kameros, Assistant United States Attorney I. Bennett Capers, Defendants.**

**No. 98 Civ. 1626 (RMB).**

United States District Court,
S.D. New York.

Sept. 14, 1999.

Anthony Bryant, Brooklyn, NY, pro se.

### ORDER

BERMAN, District Judge.

Plaintiff Pro Se, Anthony Bryant, has sued the United States of America, the Internal Revenue Service ("IRS"), Special IRS Agent Philip Cousin, and Assistant United States Attorneys Andrew J. Kameros and I. Bennett Capers (collectively, the "Defendants") for allegedly conspiring, under color of Federal law, to deprive him of his civil and constitutional rights and for causing him physical and mental anguish. The Defendants, on July 13, 1998, moved to dismiss the action on several grounds, including lack of subject matter jurisdic-

tion under Fed.R.Civ.P. 12(b)(1), improper service of process under Fed.R.Civ.P. 12(b)(5), and failure to state a claim under Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment under Fed.R.Civ.P. 56. **For the reasons stated below, the Defendants' motion is granted and the complaint is dismissed.**

## Background

On or about March 21, 1995, Plaintiff was arrested for violation of 22 U.S.C. § 7206(2), which makes it unlawful, in substance, to willfully aid or assist in the preparation of a fraudulent return, affidavit, or document, in any matter arising under the Internal Revenue laws. He was released, pending trial, on a $75,000 personal recognizance bond, secured by $5,000 cash, and was required to participate in weekly supervision by the U.S. Probation Office. Two weeks after Plaintiff's arrest, an anonymous caller informed Agent Cousin that the Plaintiff was preparing to flee the country. After verifying the caller's information, Agent Cousin obtained a bench warrant with the assistance of U.S. Attorney I. Bennett Capers, based upon the incorrect assumption that Plaintiff was in violation of his bond conditions for having failed to "surrender his travel documents".[1] At a bond revocation hearing held on April 17, 1995, among other things, evidence was presented to the U.S. Magistrate Judge that a plane ticket had been purchased in Plaintiff's name by an unidentified woman who paid in cash. Finding that Plaintiff posed a "flight risk", the Magistrate Judge revoked bond and Plaintiff was detained pending trial pursuant to 18 U.S.C. § 3142 *et seq.* ("[T]his combination of evidence, which is far more than what we normally have when making bail determinations, is sufficient ... to meet

the Government's burden". Transcript of Bond Revocation Hearing at 92, *United States v. Bryant* (S.D.N.Y.1995) (No. CR–95–240)).

Claiming that Defendants had conspired to obtain the bench warrant by lying about his bond status (*i.e.* his purported obligation to surrender travel documents) and that Defendants sought to deprive him of his Constitutional rights and ruin him financially, Plaintiff, in 1996, filed a (prior) complaint in this Court. *Bryant v. United States,* No. 97 civ. 3620 (S.D.N.Y. May 19, 1997) (Griesa, C.J.). In *Bryant,* Chief Judge Thomas P. Griesa dismissed the complaint under 28 U.S.C. § 1915(e)(2),[2] finding that the Defendants were immune from civil liability and that the Plaintiff's claims lacked "an arguable basis either in law or in fact". *Id.* (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Judge Griesa's decision was affirmed by the Second Circuit Court of Appeals which found that the appeal was "indisputably lacking in merit" and frivolous. *Bryant v. United States,* No. 97–2373 (2d Cir.1997).

The instant complaint is almost identical to Plaintiff's previous complaint which, as noted, was dismissed by Judge Griesa. Both pleadings make the same claims arising out of the same events. The instant complaint merely adds certain facts to the prior complaint and names two additional Defendants, i.e. Assistant U.S. Attorneys Andrew J. Kameros and I. Bennett Capers.[3]

## Discussion

 The Defendants assert that the principles of *res judicata* or claim preclusion bar the Plaintiff from bringing this action. Claim preclusion is a fundamental

---

**1.** In fact, surrender of travel documents was not a condition of the Plaintiff's bond and his failure to do so was, therefore, not a bond violation.

**2.** 28 U.S.C. § 1915(e)(2) provides in relevant part: "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted".

**3.** For example, in the current complaint Plaintiff sets forth the bond conditions and the fact that the conditions were amended on April 6, 1995. These facts were not included in the prior complaint. Also, while in the previous complaint Plaintiff alleged that Assistant U.S. Attorney Capers included a false statement in his request for a bench warrant, in the current complaint Plaintiff quotes the text of the statement.

rule of law that serves a vital public interest by ensuring a definitive end to litigation. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("The doctrine of *res judicata* serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case."); *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917). There is simply no rule of law which permits a Federal court to reject this well established doctrine. *See Moitie,* 452 U.S. at 401, 101 S.Ct. 2424; *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970 (1946). Claim preclusion means that a final judgment on the merits of an action prevents the parties or their privies from initiating subsequent litigation arising out of the same transaction or series of transactions. *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Moitie,* 452 U.S. at 398, 101 S.Ct. 2424. *See also Baker v. General Motors Corp.,* 522 U.S. 222, 238 n. 5, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998); *Maharaj v. Bankamerica Corp.,* 128 F.3d 94 (2d Cir.1997); *National Labor Relations Board v. United Technologies Corp.,* 706 F.2d 1254, 1259 (2d Cir.1983). The preclusive effect maintains even if the previous judgment was incorrect or based upon a legal principle subsequently overruled in another case.[4] *See Moitie,* 452 U.S. at 398, 101 S.Ct. 2424; *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329 (1940). See also *C.I.R. v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948),

where the Court found that "absent fraud or some other factor invalidating the judgment", a judgment ends the litigation over a particular cause of action.

▆▆▆ A determination of whether claim preclusion applies requires an analysis of several factors, including the parties involved in both actions, the transaction or transactions giving rise to both actions, and the judgment in the previous action.[5] All of the parties to the current action except Assistant U.S. Attorneys Kameros and Capers were parties in the first action. This is not a material difference since, as Federal employees, Assistant U.S. Attorneys Kameros and Capers were "arms" or agents or privies of the prior case Defendants.[6]

▆▆▆ The previous claim by Plaintiff arose from the issuance of a bench warrant, his arrest, as well as the subsequent change of his bond status to "remand" status. Plaintiff's current claim arises from the same series of events or transactions and, of necessity, involves the same issues and evidence. It should be noted that it has been held that even where a subsequent claim asserts additional facts or legal theories not included in the first claim, claim preclusion, nevertheless, bars relitigation of issues that "were or could have been raised in [the first] action". *Moitie,* 452 U.S. at 397, 101 S.Ct. 2424. The additional facts asserted here, *e.g.* quotations from the letter requesting a bench warrant, etc., do not alter the result that the current claim arises from the same transaction or transactions as the prior claim.

4. Judicial error may only be corrected by a direct review, *i.e.* not by a collateral attack. *See Moitie,* 452 U.S. at 398, 101 S.Ct. 2424; *Chicot,* 308 U.S. at 376, 60 S.Ct. 317; *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

5. When the same set of facts necessary to support the first action would be necessary to support the second action, the claims are duplicative for purposes of claim preclusion. *See Computer Associates Intern., Inc. v. Altai,* 126 F.3d 365 (2d Cir.1997); *Interoceanica*

*Corp. v. Sound Pilots,* Inc., 107 F.3d 86, 90 (2d Cir.1997); *Berlitz Schools of Languages of America, Inc. v. Everest House,* 619 F.2d 211, 215 (1980). Also, to preclude future claims, the previous claim must have been decided by a final judgment on the merits. *See Moitie,* 452 U.S. at 398, 101 S.Ct. 2424.

6. Parties are in privity when they share the same legal interests. *See Richards v. Jefferson County,* 517 U.S. 793, 801, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); *Hansberry v. Lee,* 311 U.S. 32, 43, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

The Plaintiff's prior claim(s) were dismissed by Judge Griesa under 28 U.S.C. § 1915(e)(2) on the basis that the claims "lack an arguable basis either in law or in fact". *Bryant v. United States,* No. 97 Civ. 3620 (quoting *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827). Judge Griesa also found that the Defendants were immune from liability, *i.e.* as governmental agencies, prosecutors acting within their official duties, and as a witness testifying in a court proceeding. Judge Griesa's determination was "final" under 28 U.S.C. § 1915(e)(2), particularly subsections § (B)(ii) and (B)(iii) thereof, which provide for dismissal where the action fails to state a claim for which relief can be granted or where the action seeks monetary relief against a defendant who is immune from such relief.[7] Dismissal for failure to state a claim for which relief can be granted is a final judgment on the merits. *See Moitie,* 452 U.S. at 399 n. 5, 101 S.Ct. 2424.[8] Dismissal based upon the Defendants' immunity, under 28 U.S.C. § 1915(e)(2)(B)(iii), is also final and precludes the instant claim. *See Underwriters Nat. Assur. Co. v. North Carolina Life and Acc. and Health Ins. Guar. Ass'n,* 455 U.S. 691, 706, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982).

Lastly, the Plaintiff claims this action should not be barred because of the decision in *Kalina v. Fletcher,* 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). In that case, the Supreme Court held that a prosecutor was not immune from liability under 42 U.S.C. § 1983 for making false statements of fact in an affidavit supporting a request for an arrest warrant. *Id.* at 131, 118 S.Ct. 502. But *Kalina* has no bearing upon the application of claim preclusion here. *See Moitie,* 452 U.S. at 398, 101 S.Ct. 2424; *Chicot County,* 308 U.S. at 376, 60 S.Ct. 317. Since the Plaintiff here had a full and fair opportunity to present his case before a court of competent juris-

diction and to appeal that decision to the Court of Appeals, he cannot, under *Moitie,* collaterally attack the prior dismissal by Judge Griesa by bringing the instant action. *See Bryant v. United States,* No. 97–2373.

### Conclusion

For the reasons stated above, the Defendants' motion is granted, and the complaint is dismissed. The Clerk is respectfully requested to enter judgment dismissing the complaint.

---

**7.** 28 U.S.C. § 1915(e)(2) also calls for dismissal where the plaintiff's allegation of poverty is untrue or the claims are frivolous or malicious.

**8.** Since the language of 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the language of Fed.R.Civ.P. 12(b)(6), a dismissal under § 1915(e)(2)(B)(ii) also serves as a final judgment on the merits.